BATTISTINI *v.* LA CORTE DE DISTRITO DE PONCE.

SOLICITUD para que se expida mandamiento de Certiorari.

No. 2.    Resuelto en Junio 17, 1905.

CERTIORARI.—El Tribunal Supremo tiene jurisdicción para expedir un auto de certiorari en aquellos casos en que la falta de un recurso ordinario le impida corregir de otro modo los errores cometidos en un procedimiento.

ID.—ANULACIÓN DE LA SENTENCIA.—FALTA DE CAUSA DE ACCIÓN.—El auto de certiorari procede para anular una sentencia, cuando de los autos aparece que el demandante ha dejado de probar hechos que constituyen una causa de acción en contra del demandado, y que justifiquen la sentencia dictada contra él.

DEMANDA MALICIOSA.—El hecho de que una parte haya establecido una demanda bajo una apreciación errónea de la ley, no es suficiente para estimar que la hubiera promovido maliciosamente y con el solo objeto de perjudicar los intereses de la parte contraria.

FALTA DE CAUSA DE ACCIÓN.—PAGO DE COSTAS Y HONORARIOS DE ABOGADOS.—La imposición de las costas y el pago de los honorarios de abogados, en los casos en que se permita por la ley, es el único correctivo que procede contra aquél que hubiere entablado una demanda, bajo un concepto equivocado de la ley, y sin tener causa de acción.

ID.—La circunstancia de que el demandado hubiera tenido que pagar por honorarios de abogados una cantidad mayor de la que la ley le permite recobrar, no es suficiente para estimar responsable de la misma al demandante y obligarle á indemnizar al demandado las pérdidas que por este concepto hubiere sufrido.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. Cornwell.*

Abogado de la parte opositora: *Sr. Juan Guzmán Benítez.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del Tribunal.

El presente caso tiene una historia bastante singular. Basta hacer de él una breve reseña para comprender perfectamente los asuntos que se presentan á nuestra resolución.

El veinte de Mayo de 1902, Luis Battistini dedujo demanda ante la Corte de Distrito de los Estados Unidos en Ponce, contra Francisco Crosas, para recobrar cierta suma, que alegó había pagado á dicho Crosas, con motivo de intereses usurarios. La causa fué controvertida, y finalmente terminada en 12 de Enero de 1903, en virtud de una excepción prévia. El Juez Holt, al dictar sentencia á favor del demandado, emitió el siguiente dictámen:

"Conceptos.—Se somete á consideración esta causa en virtud de haberse presentado una excepción perentoria al escrito de demanda. Las afirmaciones que se hacen en el mismo sobre los hechos deben ser aceptados como verdaderos al apreciarse la excepción perentoria. Aparece según éstos, que en Marzo 9 de 1901 Epitasia Martínez ejecutó una hipoteca con que estaba gravada cierta propiedad inmueble, cuyo gravámen asciende á la cantidad de tres mil dollars, á favor del demandado Francisco Crosas; que el tipo de interés estipulado era de diez y ocho por ciento pagadero por anualidades adelantadas, que la expresada Martínez cedió en venta la propiedad á Tomás González, quien á su vez la vendió en Febrero de 1902 al demandante Francisco L. Battistini; que allá en 9 de Marzo de 1902 el demandante propuso pagar los intereses al tipo de doce por ciento,

cuya proposición habiendo sido rechazada por el demandado, aquél vióse precisado á pagar bajo protesta la cantidad de quinientos cuarenta dollars ó sea al tipo de diez y ocho por ciento anual, por el año que está en vencer y el demandante arguye que el pago así verificado, según disposición de la Ley que regula el tipo de intereses y que fué decretada por la Legislatura de Puerto Rico en 1o. de Marzo de 1902, anula el contrato de préstamo y en su virtud le asiste derecho para recuperar las cantidades de dinero desembolsadas que excedan del tipo legal de intereses, que es de un doce por ciento, según lo fija la expresada Ley. Su cancelación y dicho reembolso es lo que solicita en su demanda. La deuda fué contraída y el contrato de préstamo celebrado con prioridad á la promulgación de la citada ley. La representación del demandante alega que la Ley de la Legislatura prohibe el cobro á tipo de usura en lo porvenir sobre contratos celebrados con prioridad á la promulgación de dicha Ley y de hacerse así anula el contrato relevando al deudor de todo pago.

La Ley provee que, si directa ó indirectamente se reservare ó aceptare ó asegurare, ó se conviniere en reservar, aceptar ó asegurar un tipo de interés mayor que el tipo legal, el contrato será nulo para todos sus fines y el cobro de la deuda ó cualquier procedimiento para dar cumplimiento al contrato puede ser prescrito y declarado el contrato nulo, sin que sea necesario el pago del capital ni de los intereses.

En el artículo 2 de la Ley se dispone lo siguiente:

Esta Ley no será aplicable á los contratos celebrados, obligaciones contraídas ó fallos recaídos con prioridad á la promulgación de esta Ley. Se alega, sin embargo, que en el artículo 9 hay una disposición en sentido opuesto y que siendo este artículo subsiguiente debe prevalecer. En él se provee lo siguiente: "Nada de lo que aquí se contiene deberá interpretarse como aplicables al pago de intereses hechos, según contratos celebrados con prioridad á la promulgación de esta Ley en los cuales se hace especificando un tipo de interés distinto al que determina la Ley que nos ocupa, ó al pago de intereses en virtud de fallos recaídos respecto á contratos celebrados con prioridad á la promulgación de esta Ley en los que se especificó un tipo de interés distinto."

Arguméntase que la palabra "hecho" ó el uso del tiempo pasado se refiere únicamente á los pagos hechos con prioridad á la promulgación de la Ley, y como quiera que ésta fué decretada con la intención de evitar que se efectúen pagos á tipo de usura y de hacerlo

así por inducción al menos queda anulado el contrato, siendo por lo tanto recuperable las cantidades pagadas en esa forma.

Y más adelante se dice que á no ser como queda expresado, holgaría el artículo 9 (noveno) puesto que en el artículo 2 se provee ampliamente respecto á contratos hechos con prioridad á la promulgación de esta Ley. De ser fundadas las argumentaciones del representante del demandado, tendría la ley carácter retroactivo. Es una regla perfectamente establecida que cuando no se provee lo contrario de una manera terminante, las Leyes se interpretarán en el sentido de que no son retroactivas.

Las partes celebran contratos y sujetan sus actos las personas teniendo presente las Leyes vigentes, siendo poco juicioso el decretar Leyes de carácter retroactivo. Las Leyes no deben interpretarse en ese sentido á menos que no aparezca de un modo terminante que fué esa la intención de los legisladores y á menos que esta interpretación fuese absolutamente necesaria para darle significación á las palabras. La Legislación puramente correctiva, aquella por medio de la cual se trata de corregir un mal ó de suprimir un daño, es una excepción á esta Regla general. La Constitución de algunos de los Estados prohibe que se legisle en sentido retroactivo. Si bien la Constitución de los Estados Unidos prohibe las leyes ex *post facto,* ley que se aplica á un delito anterior á ella, no prohibe las leyes puramente retroactivas, á menos que alteren las obligaciones de un contrato; no existiendo Ley alguna en Puerto Rico que prohiba la aplicación de esta legislación. Una ley, sin embargo, que alterase un derecho adquirido sería, dado el espíritu de nuestro gobierno, nula. Pues ella privaría al que algo posee de lo suyo, despojándole en beneficio de un tercero. La Legislatura no tenía facultades para despojar á una persona de los bienes adquiridos, entregándolos á un tercero, ni tampoco estaba en sus facultades el poder extinguir un crédito legalmente creado. Ni fué esa su intención, ni tampoco lo ha hecho el decretar la Ley que nos ocupa, en mi sentir. Las Leyes deben ser interpretadas teniendo en cuenta el sentido general de las mismas. Debe uno atenerse á la intención de la Ley más bien que á las reglas de la gramática. Según un aforismo jurídico, ''La letra de la Ley mata, pero su espíritu dá vida.'' Debemos regirnos por el espíritu de la Ley antes que interpretar las palabras por su significación puramente gramatical. Al estudiarse la Ley decretada por la Legislatura en todos sus artículos, resaltá de una manera evidente que no hubo la intención de que se aplicara á contratos hechos con prioridad á la época en que fué promulgada. Si una perso-

na adquirió bienes, bien sea en el concepto de un crédito ú otra forma, con prioridad á la promulgación de la referida Ley, y al verificarlo cumplió con todos los requisitos de las Leyes que estaban vigentes por aquella época, fuera injusto privarle de esos bienes por medio de una ley subsiguiente.

Es posible que habido la intención en el artículo 9 de demostrar enfáticamente el hecho de que no era aplicable á los contratos hechos con anterioridad; y puesto que en el artículo 3 de la Ley se dispone que se podrá recuperar lo que se hubiere pagado á tipo de usura en cualquier época comprendida dentro de un año de haberse efectuado el pago, es posible que se tuvo la intención de expresar con mayor claridad que la Ley no debía aplicarse á los pagos de intereses hechos, en virtud de contratos celebrados con prioridad á la promulgación de la Ley.

Puesto que la deuda Hipotecaria es válida aún, el demandante tiene derecho á recuperar lo que hubiere pagado por tal concepto. Si ha pagado en concepto de intereses mayor cantidad que la que podía exigirle legalmente la otra parte, tiene el derecho de descontar del capital que adeuda, las cantidades pagadas en exceso, cuando el acreedor exigiere su pago.

Por lo tanto, bajo ningún aspecto del caso presente, tiene derecho á que se le declare con lugar su escrito de demanda. Se admite la excepción perentoria, siendo las costas por cuenta del demandante.

De lo que antecede se verá que esta sentencia comprendía las costas, en las cuales estaban incluídos 20 dollars por honorarios de Abogados, todo lo cual, según se alega, fué pagado en debido cumplimiento de la sentencia. En 3 de Marzo de 1903, Crosas entabló demanda ante el Juzgado Municipal de Ponce, en reclamación de cuatrocientos (400) dollars por daños y perjuicios, cuya cantidad alegaba le correspondía por honorarios de Abogados, costas, etc., que había tenido que pagar en la demanda deducida contra él, en la Corte de los Estados Unidos. En su demanda dice lo siguiente:

"Licenciado Angel Acosta Quintero, á nombre y en representación de Don Francisco Crosas, casado, propietario, y vecino de esta población, demanda en juicio verbal civil, á su convecino Don Francisco Luis Battistini, mayor de edad, propietario y de este domicilio, re-

sidente en la Plaza Principal de esta Ciudad, para que le pague la suma de cuatrocientos dollars en conceptos de perjuicios que le irrogara con una demanda injustificada que presentara ante la Corte de Circuito de los Estados Unidos para Puerto Rico; como lo justificaré oportunamente, en virtud, Suplico al Juzgado: que habiendo por presentado esta demanda con su copia, se sirva señalar día y hora para la celebración del juicio, previa citación correspondiente.''

Se vé que esta demanda se funda en otra injustificada, que según se alega, Battistini había entablado contra el citado Crosas, ante la Corte de Circuito de los Estados Unidos para el Distrito de Puerto Rico. En el juicio de esta causa, la Corte Municipal dictó sentencia á favor del demandado. Contra esta sentencia, interpuso Crosas recurso de apelación para ante el Tribunal del Distrito de Ponce, que en 22 de Mayo de 1903, revocó la sentencia del Juzgado Municipal. Entonces Battistini apeló contra esta última sentencia, para ante el Tribunal Supremo que declaró sin lugar el recurso, por motivos técnicos, ó sea, por no ajustarse el recurso al procedimiento legal. Se dedujo nuevamente demanda ante la Corte Municipal, y ésta dictó sentencia á favor del demandante, por ciento cincuenta dollars y las costas. Battistini, á su vez, interpuso recurso de apelación para ante el Tribunal de Distrito, que en 25 de Marzo de 1904, dictó sentencia por $275 dollars y las costas, á favor de Crosas.

En 13 de Mayo de 1904, Battistini solicitó de este Tribunal un auto de certiorari, presentando la causa aquí, para su revisión. En 17 de Mayo de 1904, se ordenó al Juzgado Municipal de Ponce, que elevara los autos á esta Superioridad; y en 26 del mismo mes, tuvo lugar la vista de la causa ante el Tribunal Supremo, y á cuya vista asistieron todos los Jueces, así como el Sr. Guzmán Benítez, que representaba al Señor Crosas. Se le concedió al suplicante diez días para presentar un alegato, y en 8 de Junio de 1904, Horton & Cornwell presentaron su alegato, de acuerdo con el plazo concedido. En 15 de Junio de

1904, José de Guzmán Benítez también presentó un alega-
to en esta causa. El 24 de Junio de 1904, se concedió el
auto de Certiorari, y en 27 del mismo mes, se ordenó al
Juez Municipal de Ponce elevara los autos á este Tribu-
nal.

No se oyó más nada de dicha causa hasta el 17 de
Febrero de 1905, en cuya fecha el Juez Municipal de Pon-
ce, que había sido elegido en las últimas elecciones genera-
les, elevó los autos á esta Superioridad, de acuerdo con el
auto de Certiorari anteriormente expedido, y acompañán-
dolos con una carta, en la cual expuso los motivos de la de-
mora. En 24 de Febrero, se fijó, para la vista de la citada
causa, el día 9 del siguiente mes de Marzo, en cuyo día fi-
nalmente se efectuó la vista de la misma, y en cuyo acto
el Abogado del demandado, Don Juan de Guzmán Bení-
tez, pronunció un informe oral; no habiendo comparecido
Letrado alguno en representación del suplicante.

Un exámen de las Leyes demostrará que la Ley de Cer-
tiorari fué aprobada en 10 de Marzo de 1904. (Véanse las
Leyes de Puerto Rico de 1904). El Tribunal de Distrito
de Ponce, dictó sentencia definitiva 15 días después de la
aprobación de dicha Ley, y no un año antes, según mani-
fiesta erróneamente el abogado del demandado, en su ale-
gato ó informe oral. No puede haber duda de que el Tri-
bunal Supremo tenga jurisdicción para expedir el auto
de certiorari en el presente caso. El Tribunal de Distrito
de Ponce dictó dos sentencias en la causa que ahora ante
Nos pende, siendo fechada la primera en 22 de Mayo de
1903, la cual dice lo siguiente:

"*Sentencia.*—En la Ciudad de Ponce, á los veinte y dos días del
mes de Mayo de mil novecientos tres; oida en juicio oral y público
esta apelación del juicio seguido ante el Juzgado Municipal de esta
Ciudad por Don Francisco Crosas, casado, propietario y de este ve-
cindario, contra Don Francisco Luis Battistini, mayor de edad, pro-
pietario y de este domicilio; sobre cobro de cuatrocientos dollars en

concepto de perjuicios.—Siendo Ponente para la redacción de esta
sentencia el Sr. Juez Asociado Don Rafael Sánchez Montalvo.

*Resultando* que Don Francisco Crosas demandó ante el Juzgado
Municipal de esta Ciudad, con fecha tres de Marzo del corriente año,
en juicio verbal civil, á Don Francisco Luis Battistini para que le pa-
gase la suma de cuatrocientos dollars en concepto de perjuicios que
le irrogara con una demanda injustificada que presentó ante la Cor-
te de Circuito de los Estados Unidos para Puerto Rico.

*Resultando* que oídas las partes en la comparecencia celebrada an-
te aquel Juzgado Municipal, se abrió el juicio á prueba y se llevó co-
mo tal una copia certificada de la resolución del Juez de la Corte de
Distrito de los Estados Unidos para Puerto Rico recaída en la de-
manda interpuesta por Don Francisco Luis Battistini, ante dicha
Corte contra Don Francisco Crosas, de la cual aparece que, bajo nin-
gún aspecto del caso presentado, tenía derecho á que se declarare
con lugar el escrito de demanda de Battistini.

*Resultando* que dictada sentencia por el Juzgado inferior se de-
claró sin lugar la demanda y se absolvió á Battistini condenando en
costas á Crosas.

*Resultando* que interpuesta apelación por el demandante contra
dicha sentencia, vino el juicio á esta Corte, y oída la apelación,
por mayoría, se votó esta sentencia.

*Resultando* que en la tramitación de este recurso se han cumplido
las prescripciones legales.

*Considerando* que la cuestión legal, objeto de este juicio, consiste
en determinar si procede en este caso la acción de indemnización de
daños y perjuicios ejercitada por la parte actora.

*Considerando* que con arreglo á la doctrina en los Estatutos Revi-
sados, Título 13, Capítulo 12, Sección 722, cuando las Leyes de los
Estados Unidos son deficientes, se aplicará el derecho que rija en el
Estado en que la Corte ejerza sus funciones.

*Considerando* que no existiendo en este caso disposición especial
aplicable, hay que atenerse á las prescripciones establecidas en las

Leyes Civiles, que rigen en esta Isla, con tanto mayor motivo cuando que las Cortes Insulares tienen perfecta competencia para conocer del asunto á virtud de la apelación interpuesta.

*Considerando* que está obligado á reparar el daño causado aquél que por su acción ú omisión causa daños á otro, interviniendo culpa ó negligencia, Art. 1803 en relación con el 1804 del Código Civil.

*Considerando* que la acción ejercitada por el demandado D. Francisco Luis Battistini, interponiendo su demanda contra el actor Don Francisco Crosas, sin que hubiera para ello razón legal que pudiera hacerla prosperar, como lo demuestra la sentencia del Juez de la Corte de Distrito de los Estados Unidos para Puerto Rico, desestimándola en todas sus partes, debe ser considerada como una acción maliciosa ejecutada con el propósito de perjudicar á la parte contraria en sus intereses, causándose á ésta un verdadero daño por culpa de aquél, puesto que contra toda razón y derecho la obligó á defenderse en juicio contestando á la demanda y utilizando los servicios para ello de Abogado é irrogándole por tanto daños ó costas de más ó menos consideración; daños éstos que están demostrados, si bien su importe que ha sido objeto de la reclamación, no están justificados.

*Considerando* que procede revocarse la sentencia apelada y declarar con lugar la demanda, condenando al demandado á pagar el importe de los perjuicios que reclaman, los que deberán fijarse en las diligencias sobre cumplimiento de sentencia.

*Considerando* que las costas siempre se imponen á aquél de los litigantes, cuyas pretensiones fueren totalmente desestimadas.

*Vistas* las disposiciones legales citadas.

*Fallamos* que, revocando la sentencia dictada por el Juzgado Municipal de esta Ciudad en 14 de Abril último, debía de declarar y declaraba con lugar la demanda, y en su consecuencia condenamos á Don Francisco Luis Battistini á que dentro del término de quinto día satisfaga al demandante Don Francisco Crosas el importe de los daños y perjuicios que le ha causado por interposición de la demanda ante la Corte de Distrito de los Estados Unidos para Puerto Rico, los que deberán fijarse en las diligencias sobre cumplimiento de sentencia, por los trámites esablecidos en la Ley. Y condenamos en to-

das las costas al demandado Sr. Battistini. Y con testimonio de esta sentencia, remítase el juicio original al Juzgado Municipal, de esta Ciudad, dentro del término legal. Así lo pronunciamos, mandamos y firmamos.—Isidoro Soto Nussa.—R. Sánchez Montalvo.—E. B. Wilcox.

El Juez Wilcox formuló un voto particular en esta causa, negando su conformidad con la sentencia de sus compañeros, por las razones expresadas en dicho voto particular.

Con motivo de la segunda apelación, el Tribunal de Distrito de Ponce dictó sentencia contra el demandado, por la suma de doscientos setenta y cinco ($275) dollars, cuya sentencia fué votada el 25 de Marzo de 1904, y dice lo que sigue:

"Acta de votación de sentencia.—En la ciudad de Ponce, á los 25 días del me sde Marzo de 1904, siendo el día y hora señalados para este acto de votación de sentencia, en recurso de apelación de la dictada por el Juzgado Municipal de esta Ciudad, en el juicio verbal civil seguido por Don Francisco Crosas contra Don Francisco Luis Battistini, sobre cobro de daños y perjuicios, se constituyó el Tribunal en audiencia pública, formado por los Señores Jueces: Presidente, Don Isidoro Soto Nussa, y Asociados, Don Rafael Sánchez Montalvo y Don E. B. Wilcox, asistidos de mí el Secretario. Anunciado el acto, no se presentaron las partes y el Señor Presidente formuló las preguntas siguientes: ¿Procede revocar la sentencia apelada, y en su lugar condenar á Don Francisco Luis Battistini á que dentro del término del quinto día pague á Don Francisco Crosas la suma de 275 dollars, que constan suficientemente probados como valor de los daños y perjuicios que se reclaman en este juicio? ¿Procede condenar á dicho Battistini al pago de las costas? Los Señores del Tribunal contestaron que sí á las dos preguntas. En su consecuencia el Tribunal, por unanimidad, Falla: que revocando la sentencia dictada por el Juez Municipal de esta Ciudad y con fecha 30 de Octubre del año próximo pasado, debemos condenar y condenamos á Don Francisco Luis Battistini á que dentro del término del quinto día pague á Don Francisco Crosas la suma de 275 dollars, con imposición de todas las costas á dicho Señor Battistini. Y con testimonio de esta sentencia, remítase el juicio original al Juzgado que procede, dentro del

segundo día.  Así lo pronunciaron, mandaron y firmaron los Señores del Tribunal y certifico.—Isidoro Soto Nussa.—R. Sánchez Montalvo. —E. B. Wilcox.—Luis Gautier."

Se vé que el Tribunal de Distrito funda su sentencia en el parecer de que la demanda entablada por Battistini, ante la Corte Federal, carecía de fundamento legal, y que por el hecho de que, con motivo de una excepción previa, había sido declarada sin lugar, por el Juez de dicho Tribunal, se debía considerarla como maliciosa y entablada con el objeto de perjudicar los intereses de la parte contraria, etc.

Según todas las autoridades, la demanda deducida por Battistini ante la Corte Federal carece de todos los elementos de una demanda maliciosa.  Dicha demanda fué entablada en virtud del consejo de un Abogado, y aunque es cierto que fué entablada bajo un concepto erróneo de la Ley, sin embargo, lo fué bajo una interpretación de la Ley que dió lugar á que el ilustrado Juez del Tribunal de los Estados Unidos, emitiera un extenso dictámen después de haber considerado la demanda durante varios meses.  Nosotros no comprendemos como la citada demanda haya podido ser considerada como maliciosa por el Tribunal de Distrito de Ponce.  Battistini incurrió en la pena de haber deducido una demanda errónea, siendo condenado al pago de las costas, incluso los honorarios legales de Abogado, prescritos por las Leyes de los Estados Unidos.  Si Crosas tuvo que pagar á sus Abogados más que los honorarios prescritos por la Ley, esto no aumenta la responsabilidad de Battistini, y no se le puede exigir á éste, que reembolse á Crosas por pérdidas, de las cuales la Ley no le hace responsable.

En el caso de Stewart vs. Sonneborn, relatado en 98 U. S. en págs. 192, 194, 195, 196 y 197, la Corte Suprema de los Estados Unidos expresa la ley con respecto á procesamientos maliciosos como sigue:

"En muchos casos se ha expuesto que no puede entablarse un pleito contra un demandante ó acusador que no haya tenido éxito á no ser que se muestre de un modo afirmativo que fué impulsado en su conducta por malicia ó algún motivo impropio ó siniestro. Malicia es esencial para sostener tal acción, y no simplemente (como lo creyó la Corte de Circuito) para recobrar indemnización ejemplar de daños y perjuicios. A pesar de lo expuesto en algunas decisiones de una distinción entre acciones para procesos criminales y pleitos civiles, ambas clases, en la época actual, exigen sustancialmente los mismos elementos. Ciertamente una acción para establecer un pleito civil no exige menos para su sostenimiento que una acción para el seguimiento malicioso del procedimiento criminal.

La existencia de falta de causa probable es, según hemos visto, esencial á todo pleito por procesamiento malicioso. Ambos, eso y la malicia deben existir. Malicia, se admite, puede deducirse por el jurado por falta de causa probable, pero la falta de ella no puede deducirse de ningún grado ni aún de malicia expresa.

En cada caso en que se haya deducido demanda con motivo de un procesamiento ó pleito malicioso, debe afirmarse y probarse que los procedimientos establecidos contra el demandante lo fueron sin éxito, pero la falta de éxito no ha sido nunca considerada como prueba de malicia ó falta de una causa probable por la institución de la misma, y mucho menos se le ha considerado como prueba concluyente de tales cosas.

Si el jurado creyó, en vista de toda prueba, que A. T. Steward & Co., obró por motivo del consejo del abogado, estableciendo sus reclamaciones contra Sonneborn en la Corte de Circuito del Condado de Barbour y en virtud de tal consejo creyó honradamente en la validez de su crédito y su derecho para exigir indemnización en dicha acción, y en la institución de los procedimientos de bancarrota procedieron así mismo en virtud del consejo del abogado y en la honrada creencia que estaban valiéndose y usando solamente los recursos que la ley les concedió para la cobranza de lo que ellos creían un crédito bona fide, habiendo hecho primeramente una completa descripción de los hechos en la causa á su abogado, entonces no había por parte de ellos tal malicia en el uso indebido del procedimiento legal que diera al demandante el derecho á recobrar en esta forma de acción una indemnización."

Hay grandes dudas sobre si los Tribunales Insulares debían haber asumido jurisdicción alguna en el presente

caso, habiendo éste surgido con motivo de costas y gastos incurridos en la Corte de los Estados Unidos, y cuyas costas y gastos virtualmente habían sido determinados por la sentencia de dicho Tribunal. Pero como no se ha suscitado esta cuestión, no hay necesidad de resolverla.

Considerando la causa tal como ha sido presentada, con vista de los autos y de todas las pruebas presentadas en el juicio (las que, sin embargo, son muy escasas), Crosas ha dejado de probar que tuviera causa alguna de acción contra Battistini, que justificase un Tribunal en dictar sentencia contra este último; y por esta razón, deben revocarse las sentencias del Tribunal de Distrito de Ponce y del Juzgado Municipal del mismo Distrito; y se ordena á dicho Juzgado Municipal, que dicte nueva sentencia á favor de Battistini, absolviendo á éste de todas las reclamaciones que se hayan presentado por Crosas, contra él, é imponiendo las costas á este último. Las costas de este procedimiento deben imponerse también al demandado.

*Con lugar la solicitud.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.