CONSUELO A. FONSECA, demandante y apelada, *v.* EMETERIO OYOLA, demandado y apelante.

Núm. 11202.

*Sometido:* 3 de mayo de 1954. *Resuelto:* 30 de noviembre de 1954.

526

 

 ██ 

*Santiago Polanco Abréu,* abogado del apelante; *Luis Mendín Sabat,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

El tribunal a quo declaró con lugar demanda de daños y perjuicios, concediendo la suma de $400 por tal concepto, las costas y $100 para honorarios de abogado, exponiendo así las conclusiones en que fundó la sentencia al efecto:

"Se trata la presente de una acción de daños y perjuicios que la demandante titula por persecución maliciosa. El demandado compareció negando los hechos esenciales de la demanda y después de celebrada una conferencia anterior al juicio se procedió a la vista del caso y el tribunal considerando los hechos admitidos en la conferencia y la prueba practicada por las partes, llega a las siguientes

"CONCLUSIONES DE HECHO

"1. Que la demandante era inquilina de un apartamiento de una casa propiedad del demandado radicada en la calle Eduardo Georgetti de Comerío.

"2. Que el canon de arrendamiento que originalmente pagaba la demandante era de $14 mensuales. El demandado adquirió la casa en el mes de julio de 1944 y en noviembre de ese mismo año aumentó el canon de alquiler a $20.75.

"3. Que con motivo de este aumento la demandante se negó a pagar, se querelló a la Oficina de Inquilinato y el demandado le presentó una demanda de desahucio en diciembre de 1944 ante la antigua Corte Municipal de Comerío y que lleva el número Civil R-90, demanda de la que posteriormente desistió.

"4. Que asimismo en diciembre 26 de 1945 volvió nuevamente el demandado Oyola a radicar nueva demanda de desahucio contra la ahora demandante ante la antigua Corte Municipal de Comerío y que lleva el número Civil R-101. A este caso no

compareció Oyola y se dictó sentencia a favor de la demandada en desahucio y ahora demandante en este pleito, la señora Fonseca.

"5. Nuevamente en abril 1 de 1946 el ahora demandado Oyola procedió a demandar en desahucio a la señora Fonseca ante el mismo tribunal que lleva el número Civil R-103. En todos estos casos de desahucio el demandado alegaba que el canon de arrendamiento era de $20.75 mientras que la ahora demandante alegaba que el canon era de $14.

"6. Se ha probado además que la demandante señora Fonseca requirió a Oyola el triple daño que prescribe la ley por excedente de los cánones cobrados, habiendo obtenido sentencia a su favor.

"7. Que con motivo de esta serie de demandas de desahucio y de reclamaciones personales y amenazas hechas por el demandado Oyola, la demandante finalmente se vió obligada a liquidar su negocio y a tener que desalojar la casa, a pesar de que Oyola nunca había podido obtener sentencia a su favor en las demandas de desahucio.

"En consideración a las Conclusiones de Hecho antes expresadas el tribunal llega a las siguientes

### "CONCLUSIONES DE DERECHO

"1. El tribunal entiende que por la actitud contumaz y persistente con que el demandado Oyola venía incoando acciones de desahucio contra la ahora demandante para luego desistir de ellas o no comparecer y por las continuas amenazas que le hiciera obligando a la demandante señora Fonseca a desalojar el local, por lo cual ella se vió perjudicada en su negocio así como también se afectó su salud ya que según declarara, y le damos crédito a su testimonio, se puso nerviosa, tuvo muchos malos ratos y sufrió sinsabores al extremo de que de 140 libras que pesaba rebajó a 90 libras.

"2. Si bien es cierto que no se presentó prueba clara y suficiente para el tribunal poder hacer una disposición de los daños materiales sufridos por la señora Fonseca, sin embargo el tribunal entiende que sí puede hacer pronunciamiento en cuanto a los daños y sufrimientos morales y mentales que ha sufrido la señora Fonseca y calcula éstos en la suma de $400."

En apelación el demandado sostiene (1) que la prueba era insuficiente para declarar con lugar la demanda y (2) que el tribunal cometió error al apreciar dicha prueba.

■ No podemos convenir con el apelante en ninguno de dichos extremos. Un examen de la prueba en autos nos lleva a concluir que no hay base para afirmar que hubo error en su apreciación, y la misma sostiene las conclusiones a que llegó el juez sentenciador. De ella surgen los requisitos que deben concurrir para que pueda instituirse con éxito un pleito de esta naturaleza, a saber: (1) que una acción civil fué iniciada, o un proceso criminal instituído, por el demandado o a instancias de éste; (2) que la acción, o la causa, terminó de modo favorable para el demandante; (3) que fué seguida maliciosamente y sin que existiera causa probable, y (4) que el demandante sufrió daños y perjuicios como consecuencia de ello. *Parés* v. *Ruiz*, 19 D.P.R. 342, 346; *Benet* v. *Hernández*, 22 D.P.R. 494, 503; véanse además *Batistini* v. *Corte de Distrito de Ponce*, 8 D.P.R. 592, 603; *Torres* v. *Marcano*, 68 D.P.R. 880; *Jiménez* v. *Sánchez*, ante pág. 370; *Roldán* v. *Pardo*, *per curiam* núm. 10,954, resuelto el 13 de abril de 1954. Los requisitos son los mismos cuando la persecución maliciosa tiene lugar a través de acción civil, que cuando tiene lugar a través de un proceso criminal. *Stewart* v. *Sonneborn*, 98 U. S. 187, 25 L.ed. 116. Véase además 13 L.R.A., N.S. 549.

■■ Independientemente de que el abandono o desistimiento voluntario de una acción se considera como evidencia *prima facie* de que ésta se instituyó sin causa probable, pasando el *onus probandi* al demandado para que éste demuestre—cosa que aquí no hizo—que hubo causa probable al iniciar la acción original, *Kolka* v. *Jones*, 71 N.W. 558, aquí la prueba demostró la institución maliciosa, por parte del demandado, de varias acciones de desahucio sin causa probable, *Brown* v. *Selfridge*, 224 U. S. 189, 56 L.ed. 727—véase también anotación en 150 A.L.R. 908—acosando a la demandante tanto con su conducta y actuaciones como con dichos pleitos,

fundados todos en la alegada falta de pago de un canon en exceso de aquél permitido por la reglamentación federal. Por el cobro ilegal de dicho canon se dictó sentencia en su contra por el triple daño provisto por la ley.

La prueba sobre daños por sufrimientos mentales también es suficiente. La ansiedad y el sufrimiento mental proceden natural y directamente de una persecución maliciosa infundada, y tales daños están autorizados por el artículo 1803 del Código Civil. *Quiñones* v. *Rosado*, 28 D.P.R. 491; *Torres* v. *Ramírez*, 22 D.P.R. 450.

*No existiendo los errores señalados, la sentencia será confirmada.*

El Juez Asociado Sr. Ortiz no intervino.