Opinión disidente emitida, en etapa de reconsideración, por el
Juez Asociado Señor Rebollo López.
El pasado 9 de febrero de 2007, y mediante una resolución a esos efectos, una mayoría de los integrantes de Tribunal denegó el presente recurso de certiorari. En dicha resolución se hizo constar que los “Jueces Asociados Señores Rebollo López y Fuster Berlingeri expedirían”. Los peticionarios Ramón Caballero Serrano y su esposa, Aida Luz Rivera Martínez, han solicitado la reconsideración de la mencionada determinación.
Hoy la Mayoría se reitera en la denegatoria que proveyera el 9 de febrero de 2007. Por creer que el Tribunal, al así actuar, está cometiendo una injusticia con dos octogenarios que tienen derecho a un remedio legal, hoy disentimos por escrito.
En síntesis, los peticionarios —el matrimonio Caballero-Rivera— han comparecido ante este Tribunal en revi *599 sión de una errónea sentencia emitida por el Tribunal de Apelaciones, mediante la cual dicho foro judicial confirmó la errónea determinación que hiciera el Tribunal de Primera Instancia, Sala Superior de Arecibo. Este último había declarado “sin lugar” una reconvención presentada por los peticionarios —en reclamo de los daños y perjuicios sufridos— contra el Banco Popular de Puerto Rico, como consecuencia de la actuación negligente de éste al presentar equivocadamente contra los peticionarios una demanda en cobro de dinero y ejecución de hipoteca.
La controversia planteada en el presente caso es sorprendentemente sencilla, a saber, si de los hechos, conforme surgen de las alegaciones plasmadas en la demanda y la reconvención, se puede concluir que los peticionarios tienen una causa de acción en daños y peijuicios contra el Banco Popular de Puerto Rico. Contestamos que sí. Veamos por qué.
I
El 25 de agosto de 2004 el Banco Popular de Puerto Rico presentó una demanda en cobro de dinero y ejecución de hipoteca, ante la Sala Superior de Arecibo del Tribunal de Primera Instancia, contra el Sr. Carlos Juan Luna González, la Sra. Gloria E. Pérez Valentín y la Sociedad Legal de Bienes Gananciales compuesta por ambos. En la demanda se incluyeron, equivocadamente, como partes demandadas al matrimonio Caballero-Rivera, unos ancianos de 85 y 82 años respectivamente.
Los peticionarios Caballero-Rivera, luego de ser emplazados, contestaron la demanda negando los hechos y presentaron una reconvención por daños y peijuicios en la cual alegaron que nunca habían suscrito un préstamo u otorgado alguna hipoteca con el Banco Popular de Puerto Rico y que dicha institución financiera, obviamente, no ha *600 bía realizado una investigación responsable para poder identificar, correctamente, a las partes deudoras en este caso. Señalaron que dicha actuación negligente del Banco Popular afectó adversamente su reputación, integridad y honestidad, así como el crédito excelente que habían mantenido por más de 40 años, sufriendo daños que calcularon en $10,000. Reclamaron, además, $30,000 en concepto de sufrimientos y angustias mentales.
El Banco Popular de Puerto Rico presentó una moción de desistimiento voluntario para indicar que desistía de la acción en cobro de dinero y ejecución de hipoteca contra el matrimonio Caballero-Rivera, aceptando que éstos no tenían deuda alguna con dicha entidad bancaria. Alegó, como excusa de su negligente actuación, que su inclusión en la demanda se debió a una información equivocada suministrada en el estudio de título sobre la propiedad objeto de ejecución, realizado por una compañía independiente en el cual éstos surgían como titulares regístrales de la propiedad hipotecada. Solicitó la desestimación de la reconvención.
El foro de instancia, mediante sentencia a esos efectos, decretó el archivo de la reclamación en cobro de dinero y ejecución de hipoteca contra el matrimonio Caballero-Rivera, por desistimiento sin perjuicio. Dicho tribunal señaló una vista para dilucidar la solicitud de desestimación de la reconvención. Posteriormente, el foro de instancia emitió una sentencia parcial que declaró “sin lugar” la reconvención presentada por los esposos Caballero-Rivera. Concluyó el referido foro que la inclusión de éstos en la demanda no “tuvo la intención de ocasionarle daños ... ni ... constituye una persecución maliciosa contra aquéllos”. Apéndice, pág. 83.
Inconformes, los peticionarios Caballero-Rivera acudieron ante el Tribunal de Apelaciones. Dicho foro apelativo intermedio confirmó la sentencia apelada. Resolvió que no *601 procedía una acción en daños por persecución maliciosa como consecuencia de un pleito civil. Sin embargo, devolvió el caso al Tribunal de Primera Instancia para que determinara si procedía la imposición de costas y honorarios de abogado al Banco Popular de Puerto Rico.
Insatisfechos, el Sr. Ramón Caballero Serrano y la Sra. Aida Luz Rivera Martínez acudieron ante este Tribunal —vía certiorari— para plantear que el foro apelativo intermedio erró
... al confirmar la Sentencia por el [fiundamento de que la radicación de una demanda y el diligenciamiento del emplazamiento no genera una causa de acción.
... al determinar que existe una controversia real y genuina respecto a si el Banco Popular incurrió en negligencia y no obstante ello confirmar la Sentencia desestimando la reconvención incoada reclamando los daños causados por la negligencia de la parte demandante-recurrida. Petición de certiorari, págs. 3-4.
II
Como podemos notar, la parte peticionaria plantea, en síntesis, que incidió el Tribunal de Apelaciones al determinar que no procedía una acción en daños y perjuicios contra el Banco Popular de Puerto Rico. Veamos.
El Art. 1802 del Código Civil, 31 L.P.R.A. see. 5141, establece:
El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del peijudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.
Como es de todos conocido, para que exista responsabilidad bajo esta disposición estatutaria es necesario: (1) que alguien sufra un daño; (2) que éste sea producto de una acción u omisión culposa o negligente, y (3) que exista re *602 lación causal entre el daño y la conducta culposa o negligente. García v. E.L.A., 163 D.P.R. 800 (2005).
El Art. 1802 del Código Civil, supra, “se enuncia ‘en forma general y sin concretarse a determinados tipos de infracción’, lo que presupone una norma genérica que nos prohíbe causar daño a otro mediante conducta, ya sea activa, ya pasiva”. (Énfasis en el original suprimido y énfasis suplido.) García v. E.L.A., supra, pág. 809, citando a Soc. Gananciales v. G. Padín Co., Inc., 117 D.P.R. 94, 105 (1986). El concepto de culpa recogido en el Art. 1802, supra, es infinitamente abarcador, tanto como lo puede ser la conducta humana. García v. E.L.A., supra.
Sabido es que en Puerto Rico no existe, de ordinario, la acción civil de daños y perjuicios por persecución maliciosa como consecuencia de un pleito civil. López de Tord & Zayas v. Molina, 38 D.P.R. 823 (1928). No obstante, y a manera de excepción, este Tribunal ha reconocido la acción de persecución maliciosa en casos de reclamaciones civiles que luego resultan improcedentes cuando ocurren circunstancias extremas en que, realmente, se persigue y hostiga a un demandado con reiterados pleitos de naturaleza civil injustificados e instituidos maliciosamente. Fonseca v. Oyóla, 77 D.P.R. 525 (1954). En estos casos, el demandante está obligado a demostrar que el demandado actuó de mala fe, sin causa probable y con el deliberado propósito de causar daño y estrago. Raldiris v. Levitt & Sons of P.R., Inc., 103 D.P.R. 778 (1975). Por ser la malicia un elemento esencial de la persecución maliciosa, en nuestro ordenamiento se le cataloga como una acción en daños y peijuicios causados por una conducta torticera intencional bajo el citado Art. 1802 del Código Civil. García v. E.L.A., supra. Hemos resuelto que, en ausencia de una disposición expresa que conceda dicha causa de acción, la sanción judicial por el uso indebido de los procedimientos legales se limita a la condena en costes y honorarios de abogado y, cuando pro *603 ceda, intereses legales por temeridad. Giménez Álvarez v. Silén Maldonado, 131 D.P.R. 91, 97 (1992); Pereira v. Hernández, 83 D.P.R. 160 (1961).
En nuestro criterio, el caso de autos no versa sobre una acción de daños y perjuicios por persecución maliciosa, sino sobre una acción en daños por conducta negligente. A pesar de que en el presente caso no se configura una causa de acción por persecución maliciosa, por faltar el elemento de malicia, sí se configura una causa de acción por daños al amparo del Art. 1802 del Código Civil, supra, por la conducta crasamente negligente desplegada por el Banco Popular de Puerto Rico.
El Banco Popular de Puerto Rico es una poderosa institución bancaria que tiene a su disposición grandes recursos económicos, los cuales, cuando menos, le permiten realizar una adecuada investigación antes de presentar una demanda contra un ciudadano. A pesar de ello, en el presente caso entabló equivocada y negligentemente una demanda en cobro de dinero y ejecución de hipoteca contra unos ancianos de aproximadamente 85 años, los cuales no eran los deudores de la deuda que se pretendía cobrar. Dicho hecho era de fácil corroboración, ya que el banco tenía en su poder la escritura de constitución de hipoteca y el pagaré, de los cuales claramente surgía que los demandados no eran los deudores. A nuestro entender, lo anterior demuestra la forma negligente y descuidada en que el banco actuó en este caso al entablar una demanda sin cotejar sus propios expedientes. Por otro lado, surge del expediente ante nos que los ancianos demandados alegaron que temieron perder su residencia al ser emplazados y que dicha situación les causó grandes angustias. Además, alegaron que tuvieron que acudir al médico por padecer de desórdenes de ansiedad, perturbación en su estado anímico, depresión mayor e insomnio causados por la actuación del banco y que tuvieron que ser asistidos por sus vecinos en *604 dicho proceso,(1) lo cual, ciertamente, son daños reclamables.
En resumen, a pesar de entender que en el presente caso no se configura una causa de acción por persecución maliciosa, creemos que existe una causa de acción por daños al amparo del Art. 1802 del Código Civil, supra, por la conducta crasamente negligente desplegada por el Banco Popular de Puerto Rico al no verificar sus propios expedientes y presentar una demanda en cobro de dinero contra unas personas que no le adeudaban un centavo. Por tal razón, opinamos que el Tribunal de Apelaciones erró al confirmar la determinación del Tribunal de Primera Instancia de desestimar la reconvención presentada por los esposos Caballero Rivera, error que hoy el Tribunal acentúa al negarse a revisar, y a revocar, dicha actuación. Esta es una cuestión que debe ser dilucidada en un juicio plenario, conforme la prueba que presenten los peticionarios Caballero-Rivera y el Banco Popular de Puerto Rico.
Nuestro sistema de justicia debe amparar y protejer tanto a los poderosos, como el Banco Popular de Puerto Rico, como a los menos afortunados de la vida, como el matrimonio Caballero-Rivera. De eso es de lo que se trata cuando hablamos de “hacer justicia”.

 Este Tribunal resolvió recientemente el caso García v. E.L.A., 163 D.P.R. 800 (2005), el cual presenta cierta similitud con el caso de epígrafe. En dicho caso, el Departamento de la Familia removió a una menor de su hogar porque alegadamente era maltratada por sus padres. Luego de realizarse los trámites judiciales de rigor, el Tribunal de Primera Instancia no encontró evidencia del alegado maltrato, por lo que los padres de la menor presentaron una demanda contra el Estado Libre Asociado (E.L.A.) y el Departamento de la Familia. El Tribunal de Primera Instancia desestimó la demanda al resolver que no hubo malicia por parte del Estado. El Tribunal de Apelaciones revocó dicha determinación. Este Tribunal, al confirmar el foro apelativo intermedio, resolvió que ni la inmunidad de la Ley para el Amparo de Menores en el Siglo XXI, Ley Núm. 342 de 16 de diciembre de 1999, ni la Ley de Pleitos contra el Estado, cobijan al E.L.A. ante una reclamación por una actuación negligente de uno de sus funcionarios. Se determinó que en este caso sí procedía una causa de acción por daños al amparo del Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, por la conducta negligente del E.L.A.