ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| AGUSTÍN GARCÍA ACEVEDO Y MARIBEL NEGRÓN<br><br>RECURRIDOS<br><br>v.<br><br>ALICIA ÁLVAREZ GRILLET<br><br>PETICIONARIA | KLCE202301120 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Número: AG2022CV01731<br><br>Sobre:<br>Daños y perjuicios bajo la doctrina de persecución maliciosa y el Art. 18 del Código Civil de 2020 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece la parte peticionaria, la señora Alicia Álvarez Grillet (Sra. Álvarez Grillet), mediante un recurso discrecional de *certiorari*, y solicita nuestra intervención para revocar la *Resolución* emitida el 20 de julio de 2023, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI).[1] En esta, el TPI declaró "no ha lugar" la solicitud desestimatoria instada por la peticionaria. La determinación fue reiterada en reconsideración, mediante un dictamen notificado y archivado en autos el 11 de septiembre de 2023.[2]

Adelantamos que se deniega la expedición del auto de *certiorari*.

**I**

La causa del título se inició el 17 de noviembre de 2022, ocasión en que la parte recurrida, conformada por el señor Agustín García Acevedo (Sr. García Acevedo) y la señora Maribel Negrón Sánchez (Sra. Negrón Sánchez), presentó una *Demanda* sobre daños y perjuicios,[3] al amparo de la doctrina de persecución maliciosa y del Artículo 18 del

---

[1] Apéndice del recurso, págs. 25; 26-31.

[2] Apéndice del recurso, págs. 1; 2-4.

[3] Apéndice del recurso, págs. 5-7.

Código Civil de 2020, que versa sobre el ejercicio abusivo o contrario de los derechos.[4] En esencia, el Sr. García Acevedo y la Sra. Negrón Sánchez alegaron que la peticionaria incoó una *Demanda* por incumplimiento de contrato, daños y perjuicios[5] contra Diversified and Special Services, Inc.; así como contra los recurridos y la Sociedad Legal de Bienes Gananciales compuesta por estos, en su carácter personal y como accionistas del ente jurídico. Ello, a pesar de que no fueron parte del acuerdo contractual en disputa. La parte recurrida advirtió por correo electrónico al representante legal de la peticionaria la improcedencia de la causa. La Sra. Álvarez Grillet prosiguió con la reclamación. Así las cosas, a solicitud de la parte recurrida, mediante una *Sentencia Parcial*,[6] el Tribunal desestimó la causa de acción sobre incumplimiento de contrato en contra del matrimonio García-Negrón, en su carácter personal, y la sociedad conyugal. Entonces, la Sra. Álvarez Grillet apeló la determinación judicial. Esta Curia confirmó en parte el dictamen parcial. En específico, en cuanto a la desestimación de la causa por incumplimiento contractual contra los esposos recurridos y la sociedad de gananciales que componen. La peticionaria no elevó la controversia al Máximo Foro.

A tales efectos, el Sr. García Acevedo y la Sra. Negrón Sánchez presentaron la *Demanda* del epígrafe. Imputaron a la peticionaria el ejercicio abusivo del derecho e incurrir en persecución maliciosa. Sostuvieron que la inclusión de sus personas en la reclamación judicial solo tenía el fin de hostigarlos, perseguirlos y oprimirlos. En consecuencia, reclamaron una indemnización ascendente a $50,000 por concepto de daños morales, gastos legales, daños físicos, angustias

---

[4] El Artículo 18 del Código Civil de 2020, 31 LPRA sec. 5337, dispone como sigue:
    La ley no ampara el abuso del derecho ni su ejercicio contrario al orden social.
    Todo acto u omisión que exceda manifiestamente los límites normales del ejercicio de un derecho, que ocasione daño a tercero, ya sea por la intención de su autor, por su objeto o por las circunstancias en que se realice, da lugar al correspondiente resarcimiento y a la adopción de medidas cautelares.

[5] Caso AG2021CV01527, el cual continúa activo según se desprende del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[6] Refiérase a SUMAC, entrada 46 del expediente electrónico del caso AG2021CV01527, de la cual tomamos conocimiento judicial.

mentales y emocionales, causados por los presuntos actos u omisiones negligentes de la peticionaria.

En respuesta, el 9 de febrero de 2023, la Sra. Álvarez Grillet presentó una *Solicitud de Desestimación*.[7] Planteó que no concurrían los elementos de las causas invocadas. Afirmó que los pleitos incoados en primera y segunda instancia en contra de los recurridos no fueron actos antijurídicos que dieran base a una reclamación civil, sino que se fundamentaron en acciones legítimas.

El Sr. García Acevedo y la Sra. Negrón Sánchez ripostaron la petición dispositiva, mediante una *Oposición a Desestimación*.[8] Expusieron que, contrario a lo alegado, los elementos doctrinales de las causas de acción de la presente *Demanda* estaban presentes. Insistieron en que la Sra. Álvarez Grillet los incluyó en su reclamación, con conocimiento de la improcedencia, y abusó del proceso legal al recurrir la cuestión a la etapa apelativa. Reiteraron que estas acciones causaron daños resarcibles.

Sometida la controversia, el 21 de julio de 2023, el TPI notificó la *Resolución* impugnada. Concluyó que, conforme a lo dispuesto en la Regla 10.2 de Procedimiento Civil, *infra*, que implica tomar como ciertas las alegaciones de la *Demanda*, a su juicio, estas configuraban los elementos de la persecución maliciosa. Expresó lo siguiente:[9]

> El requisito de que el demandante haya prevalecido en la acción original fue correctamente alegado y no está en controversia. Véanse alegaciones 8 y 10 de la demanda.

> En cuanto a los requisitos de que la acción instada se hizo con malicia y sin causa probable, la parte demandante alegó afirmativamente que la parte demandada conocía al momento que instó su demanda, que los demandantes no eran parte del contrato que era objeto de la acción original. Véase alegación 5 de la demanda.

---

[7] Apéndice del recurso, págs. 12-16.

[8] Apéndice del recurso, págs. 18-24.

[9] Los elementos de la causa de acción de persecución maliciosa son: (1) que una acción civil fue iniciada, o un proceso criminal instituido, por el demandado o a instancias de este; (2) que la acción, o la causa, terminó de modo favorable para el demandante; (3) que fue seguida maliciosamente y sin que existiera causa probable, y (4) que el demandante sufrió daños y perjuicios como consecuencia de ello. Véase, *Fonseca v. Oyola*, 77 DPR 525, 528 (1954) y los casos allí citados.

Alegó la parte demandante que, a pesar de este conocimiento, la parte demandada radicó la acción con el fin de hostigarles, oprimirles y perseguirles. Véase alegación 6 de la demanda. Por otro lado, en cuanto al elemento de malicia, la parte demandante alegó haber realizado una comunicación anterior a la demanda original, donde específicamente le informó al demandado que ellos no eran parte y no tenían responsabilidad por el contrato objeto de aquella controversia. Véase alegación 7 de la demanda.

Finalmente, existe una alegación específica de daños. Véase alegación 14 de la demanda.[10]

Inconforme, la peticionaria solicitó la reconsideración del dictamen.[11] Primero, planteó que el correo electrónico cursado por los recurridos era insuficiente para que la peticionaria abandonara su derecho; segundo, indicó que los hechos alegados en la reclamación civil no exponían las circunstancias extremas que dicta la doctrina de persecución maliciosa; tercero y cuarto, negó haber obrado temerariamente; y, quinto, adujo que la alegación sobre daños adolecía de especificidad.

El Sr. García Acevedo y la Sra. Negrón Sánchez se opusieron a la reconsideración.[12] Enfatizaron los criterios rectores de la Regla 10.2 de Procedimiento Civil, *infra*, los cuales, a su entender, la peticionaria no aplicó; y apuntaron que la alegación sobre la ausencia de temeridad no había sido objeto de previo examen ante el TPI.

El foro recurrido emitió una Resolución en al cual explicó el por qué los señalamientos esbozados no variaban su dictamen y declaró "no ha lugar" el pedimento.[13]

Aun insatisfecha, la Sra. Álvarez Grillet acudió ante este foro intermedio y señaló los siguientes errores:

**Primer Error:** Erró el TPI al declarar No Ha Lugar la *Solicitud de Desestimación* presentada por la parte peticionaria, ante una reclamación que ejemplifica la prohibición que existe en nuestra jurisdicción de incoar pleitos como resultado de haber sido los promoventes demandados.

---

[10] Apéndice del recurso, pág. 30.
[11] Apéndice del recurso, págs. 32-36.
[12] Apéndice del recurso, págs. 37-39.
[13] Apéndice del recurso, págs. 2-4.

**Segundo Error:** Erró el TPI al declarar No Ha Lugar la *Solicitud de Desestimación* presentada ante una demanda que, tan siquiera, cumple con los requisitos, ni alegaciones necesarias que contengan hechos específicos para que proceda y prospere una acción de daños y perjuicios bajo la doctrina de persecución maliciosa, ni abuso de derecho.

En armonía con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), mediante la cual este foro revisor puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho", eximimos a la parte recurrida de presentar su alegato en oposición.

## II

## A

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1).

Particularmente, en cuanto a los procedimientos de *certiorari* para revisar resoluciones del foro primario, la Regla 52.1 dispone lo siguiente:

**El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra** de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo**. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la

admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. […] (Énfasis nuestro.)

De acuerdo con la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma asentada que los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

**B**

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas. Esto es, que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio plenario. A esos efectos, la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (Regla 10.2), "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008), que cita a *Colón v. Lotería*, 167 DPR 625 (2006). La Regla 10.2 establece los fundamentos por los que una parte puede solicitar la desestimación de una demanda presentada en su contra. En lo atinente, el quinto inciso consigna como causa el dejar de exponer una reclamación que justifique la concesión de un remedio.[14] Al resolver una moción bajo este principio, los tribunales **deberán tomar "como ciertos**

---

[14] Véase, *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial, marzo 2008, pág. 134.

**todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas**." (Énfasis nuestro.) *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 428. Asimismo, "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante." *Id.*, págs. 428-429. Es decir, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y la desestimación 'únicamente procedería cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'." *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Además, la desestimación tampoco procede si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429.

Al fundamentar la moción de desestimación en que la parte demandante dejó de exponer una causa de acción que amerite la concesión de un remedio, ninguna de las partes tiene que presentar prueba. Sin embargo, es necesario determinar si los hechos alegados en la demanda establecen de su faz una reclamación que sea plausible y que, como tal, establezca que el demandante tiene derecho a todo o parte del remedio solicitado. **Solamente ante hechos alegados que no cumplan con el estándar de plausibilidad, el tribunal debería desestimar la demanda**. R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 307.[15] Ello así, porque el estándar de plausibilidad no permite que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba pueden probarse meras alegaciones conclusorias. *Id*.

### III

En el presente caso, la parte peticionaria nos solicita la revisión de una *Resolución*, en virtud de la cual el TPI no dio paso a su petición de

---

[15] Véase, *Ashcroft v. Iqbal,* 556 US 662 (2009) y *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

desestimación. Arguye, en síntesis, que las acciones judiciales promovidas no denotan antijuricidad, intención o malicia, sino el resultado legítimo del ejercicio de su derecho a reclamar y a apelar. Dice que, luego de no prevalecer en la etapa apelativa, notificó al TPI que no elevaría la causa ante el Tribunal Supremo.

En el dictamen objeto de impugnación, luego de examinar puntillosamente los elementos de la causa de acción por persecución maliciosa, el TPI se rehusó a desestimar la reclamación de los recurridos. Fundamentó su decisión conforme a lo dispuesto en la Regla 10.2 de Procedimiento Civil, *supra*, la cual requiere que se tomen como correctas las alegaciones bien hechas en la *Demanda* y se interpreten de la forma más favorable a la parte recurrida. En reconsideración, el TPI sostuvo su determinación y expresó que, desde el punto de vista probatorio, no estaba en posición para adjudicar si el contenido específico de cierta evidencia documental era o no suficiente en derecho para configurar o no la causa de acción. Por igual, aseveró que la alegación sobre daños era suficiente para apercibir a la peticionaria de la reclamación en su contra. Como se sabe, este tipo de alegación está atada a la prueba testifical y documental admisible que ofrezca el reclamante en un juicio plenario.

Según esbozamos, al determinar si debemos expedir o no el auto discrecional, en primer lugar, nos corresponde determinar si la materia planteada está contemplada entre los supuestos de la Regla 52.1 de Procedimiento Civil, *supra*. La contestación a dicha interrogante es en la afirmativa, ya que la Sra. Álvarez Grillet recurre de la denegación de una moción dispositiva. En segundo lugar, como parte del análisis dual, debemos examinar el asunto que se nos plantea a la luz los criterios contenidos en la Regla 40 de nuestro Reglamento, *supra*. En este ejercicio, no encontramos que el TPI haya incurrido en un abuso de discreción o que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal ni

que, intervenir en esta etapa tan temprana de los procedimientos, se evitaría un perjuicio sustancial contra la parte peticionaria. Por el contrario, con nuestra abstención evitamos dilaciones o fraccionamientos indebidos. Claro está, la denegación del auto discrecional no implica una postura con respecto a los méritos o deméritos de la causa sobre la cual trata el recurso; sino una muestra de nuestra facultad discrecional para negarnos a revisar en determinado momento un asunto interlocutorio.

**IV**

Por las razones que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones