# BROWN *v.* SELFRIDGE.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF
COLUMBIA.

No. 214.   Argued March 14, 1912.—Decided April 1, 1912.

While in an action for malicious prosecution the burden of proving
malice and want of probable cause is· on the plaintiff, *Wheeler* v.
*Nesbit,* 24 How. 544, as the motives and circumstances are best
known to the defendant, plaintiff is only required to adduce such
proof as is affirmatively under his control, and which he can fairly
be expected to be able to produce.

In this case *held* that plaintiff did not produce all the testimony within
her control and did· not sustain the burden even to that extent.

In a suit for malicious prosecution, in the absence of plaintiff adducing
facts properly expected to be under her control, the question of
probable cause in a clear case is one for the court and, in this case,
was properly taken from the jury.

34 App. D. C. 242, affirmed.

THE facts are stated in the opinion.

*Mr. Wilton J. Lambert* for plaintiff in error.

*Mr. Henry E. Davis,* with whom *Mr. William A. Gordon*
and *Mr. J. Holdsworth Gordon* were on the brief, for de-
fendant in error.

MR. JUSTICE DAY delivered the opinion of the court.   ·

The plaintiff in error brought suit in the Supreme Court
of the District of Columbia against the defendant to re-
cover damages for malicious prosecution.   Judgment was
entered in favor of the defendant and upon appeal to the
Court of Appeals of the District of Columbia this judg-

ment was affirmed. 34 App. D. C. 242. The case was
then brought to this court upon proceedings in error.

The facts as to the prosecution are, in substance: That
the plaintiff, being the keeper of a boarding house in the
city of Washington on or about the twenty-sixth day of De-
cember, 1907, and occupying certain premises known as 717
Eighth Street northwest, and one Mary Levy were named
as defendants in a proceeding commenced by Selfridge in
the police court of the District of Columbia, in which he
swore out a search warrant for certain of his property,
namely, twelve curtains, of the value of $300, which, he
averred, had, within two hundred days last past, by some
person or persons unknown, been stolen, taken and carried
away out of his possession, and which, he had probable
cause to suspect and did suspect, were concealed in the
premises of plaintiff and Mary Levy on Eighth Street; that
under authority of the search warrant certain officers, ac-
companied by the defendant, proceeded to search the prem-
ises, but did not find the goods in question, and that, upon
return of that fact being made, the proceedings against
the plaintiff and Mrs. Levy were nolled and the case thus
ended.

At the trial of the case in the Supreme Court the plain-
tiff introduced testimony as to the prosecution and the
circumstances under which the search was made, and
also testimony tending to show her good reputation for
honesty and integrity, and the injury to her health and
occupation. At the conclusion of the plaintiff's proof
the court instructed the jury to return a verdict for the
defendant, upon the ground that the plaintiff had failed
to make a *prima facie* showing of want of probable cause,
and judgment was entered accordingly.

The question involved, therefore, is: Was there sufficient
proof of the want of probable cause to carry the case to
the jury?

The testimony shows that when the defendant and

officers executing the search warrant visited the house of Miss Brown, the plaintiff, search was made of the premises and also of the trunks of the plantiff and of Mrs. Levy, who, it seems, was at the time stopping with Miss Brown. As we have said, the officers found nothing.

The charge upon which the search warrant was issued did not accuse either Miss Brown or Mrs. Levy of stealing or wrongfully taking the property from the defendant, but stated that such property was thus appropriated by some person unknown, within two hundred days before the warrant was sworn out, and the belief of the defendant was alleged that the property was concealed within the premises of the persons named.

There was testimony in the record tending to show that Miss Brown had not taken the property mentioned or other property from the house of the defendant; that she was in his employ for a number of years and was trusted with monetary transactions and otherwise treated as worthy of his confidence. The plaintiff testified in her own behalf, and Mrs. Levy was called as a witness in support of her case.

The plaintiff did not show that with her knowledge or consent the alleged stolen property was not in her house or upon the premises within the time named in the search warrant. Mrs. Levy, evidently not an unwilling witness, did not testify that she had never taken the goods, or that, so far as she knew, they were never upon the premises of the plaintiff.

It is settled law that in an action of this kind the burden of proving malice and the want of probable cause is upon the plaintiff. This has been the recognized law of this court and was distinctly stated in the case of *Wheeler* v. *Nesbitt*, 24 How. 544, often cited in cases of this character, where Mr. Justice Clifford, speaking for the court, said (p. 551):

"The plaintiff must show that the defendant acted from

malicious motives in prosecuting him, and that he had no sufficient reason to believe him to be guilty. If either of these be wanting, the action must fail; and so are all the authorities from a very early period to the present time. *Golding* v. *Crowle*, Sayer, 1; *Farmer* v. *Darling*, 4 Burr. 1,974; 1 Hillard on T. 460.

"It is true, as before remarked, that want of probable cause is evidence of malice for the consideration of the jury; but the converse of the proposition cannot be sustained. Nothing will meet the exigencies of the case, so far as respects the allegation that probable cause was wanting, except proof of the fact; and the *onus probandi*, as was well remarked in the case last referred to, is upon the plaintiff to prove affirmatively, by circumstances or otherwise, as he may be able, that the defendant had no reasonable ground for commencing the prosecution. *Purcell* v. *McNamara*, 9 East, 361; *Willans* v. *Taylor*, 6 Bing. 184; *Johnstone* v. *Sutton*, 1 Term, 544; Add. on W. and R. 435; *Turner* v. *Ambler*, 10 Q. B. 257."

While it is true that the want of probable cause is required to be shown by the plaintiff and the burden of proof is upon her in this respect, such proof must necessarily be of a negative character, and concerning facts which are principally within the knowledge of the defendant. The motives and circumstances which induced him to enter upon the prosecution are best known to himself. This being true, the plaintiff could hardly be expected to furnish full proof upon the matter. She is only required to adduce such testimony as, in the absence of proof by the defendant to the contrary, would afford grounds for presuming that the allegation in this respect is true. 1 Greenleaf on Evidence, § 78. In other words, the plaintiff was only obliged to adduce such proof, by circumstances or otherwise as are affirmatively within her control, and which she might fairly be expected to be able to produce. As Mr. Justice Clifford put it, in *Wheeler* v. *Nesbitt, supra*,

the plaintiff must prove this part of the case "affirmatively, by circumstances or otherwise as he may be able."

It is contended by the learned counsel for the plaintiff in error that Miss Brown produced all the testimony in the case which she might reasonably be expected to control, and it is pertinently asked, What more could she prove? We think an inspection of the record furnishes an answer to the question. With respect to the search warrant, the charge was not that the plaintiff and Mrs. Levy stole or wrongfully took the property of the defendant, but the belief of the defendant was averred that the property had been by some one thus taken and was concealed in or about the premises of the plaintiff and Mrs. Levy. The plaintiff could readily have shown that, within the time named in the search warrant, so far as she knew, with the means which she had of information, the property in question had never been upon her premises. She could have shown by Mrs. Levy, whom she produced as a witness, that Mrs. Levy did not take the property from the premises of the defendant and that the property was not upon the premises of Miss Brown at any time so far as her knowledge and opportunity of knowing extended.

Failing to adduce proof of the facts to which we have called attention, and, in clear cases the question of probable cause being one of law for the court, we think that there was no error in taking the case from the jury.

*Judgment of the District Court of Appeals is affirmed.*