**MAGHAN et al. v. JEROME.**
**No. 6704.**

United States Court of Appeals for the
District of Columbia.

Argued Dec. 10, 1936.

Decided Jan. 18, 1937.

Rehearing Denied Feb. 10, 1937.

Julian I. Richards, of Washington, D.
C., for appellants.

Theodore A. Brown, of Washington,
D. C., for appellee.

Before MARTIN, C. J., and ROBB,
VAN ORSDEL, and GRONER, JJ.

GRONER, J.

Plaintiff (below) was waitress in a
boarding house in Washington City. Her
employer had left a pocketbook containing
money in a drawer in the dining room and
a little later discovered that it had been
stolen. She notified the police, and the two
officers who are appellants here were sent
to make an investigation. Prior to their
arrival the pocketbook was found in a
closet but the money was gone. Certain
behavior of plaintiff aroused suspicion, and
the officers questioned her, and upon their
insistence she went with them to the sta-
tion house where she was searched. No
money was found, and she was released
after being detained about half an hour.
Ten days later she commenced this action
for false arrest (i. e., arrest without a war-
rant), which was tried to the court with-
out a jury. The trial judge, although find-
ing that the officers had probable cause for
believing that a theft had been committed
and that plaintiff was guilty, held that there
was not probable cause for suspecting that
the theft amounted to a felony. He there-
upon entered judgment for the plaintiff
against the officers for $100.

The undisputed facts show that when
the officers reported to the keeper of the
boarding house they were informed by her
of the loss of her pocketbook and its con-
tents amounting to "about $30.00." The
pocketbook, which as we have seen had
been recovered, was exhibited to the offi-
cers, though nothing apparently was then
said as to its value. In the trial the board-
ing house keeper valued it at $5, but the
trial court held as a matter of fact that it
was practically worthless, and it was on the
theory that the total larceny amounted to
only $30 that the offense was held to be a
misdemeanor.

■■ In the District of Columbia petit larceny is defined to be taking and carrying away of property of the value of $35 or less and is punishable by a fine of not more than $200 or imprisonment for not more than one year, or both. Title 1, section 21, and title 6, section 61, Code of 1929. And, while nothing in the Code designates petit larceny as a misdemeanor, the Criminal Code of the United States (section 335, as amended, 18 U.S.C.A. § 541)— applicable to the District of Columbia— provides that: "All offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies. All other offenses shall be deemed misdemeanors." We are, therefore, in agreement with the trial court that the stealing of less than $35 is a misdemeanor in the District of Columbia, and we likewise agree that in this jurisdiction, as at common law, the rule is settled that an officer may not arrest for a misdemeanor without a warrant unless it is committed in his presence or within his view. Title 20, section 491, D.C.Code, 1929.

■■ From this, it follows that the police officers can justify the arrest only by a showing that they had reasonable cause to believe that a felony had been committed. In other words, by showing that the circumstances were such as to induce them reasonably to believe that plaintiff had stolen property of the value of $35 or more. The trial judge, as we have noticed, decided there was probable cause for believing plaintiff guilty of the theft but not probable cause for believing the theft amounted to a felony. But we think we are not bound by this conclusion. For, while ordinarily probable cause is a mixed question of law and fact, where in a case like this there is no disputed question of fact, probable cause is a question of law only. Brown v. Selfridge, 224 U.S. 189, 32 S.Ct. 444, 56 L.Ed. 727. And this brings us back to the ultimate question, namely, whether in view of all the conditions then confronting the officers they were justified in making the arrest without a warrant. If the facts were such as to justify a man of prudence in believing that a felony had been committed, it was sufficient. The rule long ago stated by Chief Justice Shaw [1] is frequently quoted with approval. It is to this effect: If a constable or other peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed, to render the arrest lawful; but if he suspects one on his own knowledge of facts, or on facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of felony, the arrest is not unlawful. It is not enough, therefore, that the officer act in good faith. Something additional is required of his intelligence for, as the Supreme Court has said, his knowledge and not his intent is the test. And so, when the question arises, the decision must turn not so much on what the officer thought or intended as upon what the court thinks the evidence shows. Director General v. Kastenbaum, 263 U.S. 25, 44 S.Ct. 52, 68 L.Ed. 146.

■ Here we have a case in which a charge of larceny of a sum of money and a pocketbook was made by a reputable citizen to the officers. The stolen money was stated to amount to approximately $30. Nothing was said as to the value of the pocketbook. It might be considered that "approximately $30.00" means as little as $28 or as much as $32—and if the latter, the value of the pocketbook need be comparatively little to reach the figure which would make the stealing a felony. Under these circumstances to impose on the officer—at his peril—the duty of a correct appraisal of the value of the pocketbook or a positive and definite ascertainment of the exact amount of the money, would be imposing conditions which—though in this case resulting in hardship to the individual—would in many cases permit the criminal to escape and conceal his booty and go unwhipped of justice. The greater loss to society would outweigh the occasional damage to the individual. In saying this much we are not inclined for a moment to whittle down the rule which imposes upon the officer the full responsibility for making an unwarranted arrest or to detract a single jot or tittle from the wholesome principle of the rule as we have stated it; but we think this is one of those borderline cases in which any reasonable man might properly and fairly believe that the larceny was above the grade of petit, and that in detaining the suspect for search, appellants acted with reasonable cause.

Reversed.

[1] Commonwealth v. Carey, 12 Cush. (Mass.) 246, 251.