## NEWYAHR v. UNITED STATES.

No. 10129.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 5, 1949.

Decided Oct. 31, 1949.

Writ of Certiorari Denied Jan. 9, 1950.
See 70 S.Ct. 350.

Mr. William R. Lichtenberg, Washington, D. C., with whom Mr. Joseph Luria, Washington, D. C., was on the brief, for appellant.

Mr. Willard I. Zucker, Washington, D. C., also entered an appearance for appellant.

Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and John C. Conliff, Jr., Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant was arrested without a warrant; then searched by the police, who took from his person a marked coin. Despite efforts to suppress, the coin was used as evidence against him in a prosecution for promoting a "numbers game" (a felony), in violation of Section 1501 of Title 22, District of Columbia Code (1940). Appellant attacks legality of the arrest. He concedes that if it was legal, the incidental search and seizure were also legal. Conversely, the government concedes that if the arrest was illegal, the search and seizure were also illegal and the evidence should have been suppressed.

Solution of the problem hinges upon facts and circumstances known by one Wallace, a policeman. Admittedly, other officers, who came upon the scene and consummated the arrest at the instance of Wallace, were without sufficient knowledge of their own to act without a warrant. Briefly summarized, Wallace knew that the Police Department was informed that a "numbers game" was being conducted at a certain cafe. Wallace was sent there in plain clothes. While seated on a stool at the counter, he saw Louise Newyahr and Hyman Sussman (appellant's codefendants below) sitting opposite each other at a table in a booth. Watching, he saw three or four men go to Louise Newyahr. Their actions indicated to Wallace they were making plays on numbers with Louise. Each went separately to the table and handed her an object. One wrote a note and handed it to her with money, which she placed in her purse. Then Wallace wrote on a piece of paper, "Louise, put 25 cents on 962 for me, Sam." He wrapped the paper around a marked quarter; went to her, and placed it on the table. She accepted it and took a pad from her purse. Wallace returned to his seat at the bar. Shortly thereafter he saw appellant go to the booth; sit down with Louise, and talk with her. Leaving her, the man came over to Wallace. He asked numerous questions, the officer's name, his working place, and who "Sam" was. To allay suspicion, Wallace asked appellant "if he was a cop, and why didn't he lay off." As appellant stepped away, three officers entered the cafe. One went to the booth and told Louise and Sussman they were under ar-

rest. They dropped papers to the floor. Wallace pointed to appellant and he was put under arrest. When searched, the marked coin, which Wallace had delivered to Louise, was found in his clothing.

■ The foregoing facts stand without contradiction. So, with no dispute as to them, probable cause becomes a question of law only. Maghan v. Jerome, 1937, 67 App.D.C. 9, 88 F.2d 1001, 1002; Brown v. Selfridge, 1912, 224 U.S. 189, 193, 32 S.Ct. 444, 56 L.Ed. 727.

■ Were the facts, within the knowledge of Officer Wallace, sufficient to warrant a man of reasonable caution to believe that the offense of conducting the "numbers game" (a felony) had been committed and that appellant had participated therein? Brinegar v. United States, 1949, 338 U.S. 160, 175, 69 S.Ct. 1302; Maghan v. Jerome, supra. In our opinion they were ample.

There was strong proof, capped by Wallace's bet with Louise, that she was conducting the game. So too, there were significant facts to arouse a belief that appellant was connected with the game. His conversation with Louise, without more, might, at most, only create suspicion. But, his immediate accosting of Wallace, and the questions he asked, were clear indications that he knew of the "play" by Wallace. Such guarded information, so quickly in appellant's possession, and his peculiar conduct concerning the same, sufficed to create a reasonable inference and belief that he had an unusual interest and concern in what Louise was doing. It is strong support for Wallace's testimony that he did not want appellant to get away; he knew "he had something to do about it."

We have no doubt of the legality of the arrest and search. Therefore, the judgment of the District Court is

Affirmed.