### SIMMONS v. UNITED STATES.
### No. 11372.

United States Court of Appeals
District of Columbia Circuit.

Submitted Jan. 21, 1953.

Decided March 6, 1953.

5. Ibid.

6. Ibid.

7. 52 Stat. 1024 (1938), as amended, 49 U. S.C.A. § 646(a).

8. 52 Stat. 1025 (1938), as amended, 49 U. S.C.A. § 647(a).

**428**

Messrs. T. Emmett McKenzie, James K. Hughes and Domenic Tesauro, Washington, D. C., submitted on the brief, for appellant.

Messrs. Charles M. Irelan, U. S. Atty., Martin J. McNamara, and William J. Peck, Asst. U. S. Attys., Washington, D. C., submitted on the brief, for appellee. Messrs. William R. Glendon and William E. Kirk, Jr., Asst. U. S. Attys., Washington, D. C., entered their appearances for the appellee. Mr. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., at the time the record was filed, also entered his appearance for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

A jury trial culminated in appellant's conviction on two counts of an indictment charging promotion of a numbers game in violation of 22 D.C.Code § 1501 (1951), and possession of numbers slips in violation of 22 D.C.Code § 1502 (1951). Two grounds for reversal are raised on this appeal.

First, it is urged that the trial court erred in denying appellant's motion to suppress certain crucial evidence obtained incident to his arrest without a warrant. The motion charged that such evidence was inadmissible since no probable cause existed for making the arrest. Our decisions in DeBruhl v. United States,[1] and Mills v. United States[2] make clear that the trial court was correct in finding sufficient probable cause for a warrant-less arrest in the closely similar circumstances of the present case. Hence the motion to suppress was properly denied.

Second, it is urged that error occurred when the trial court elicited testimony before the jury from three police officer witnesses concerning their experience in the investigation of the numbers game. The sole ground for charging error is that testimony relating to offenses "committed by persons entirely disconnected with the [accused]" is inadmissible. That ground is untenable for we know of no rule of evidence, and appellant points to none,[3] re-

---

1. 91 U.S.App.D.C. 125, 199 F.2d 175, certiorari denied, 1952, 344 U.S. 868, 73 S. Ct. 111.

2. 90 U.S.App.D.C. 365, 196 F.2d 600, certiorari denied, 1952, 344 U.S. 826, 73 S. Ct. 27.

3. The cases which appellant cites involve a rule of evidence which applies only to other offenses *committed by the accused* and not to offenses committed by persons other than the accused. See, e. g., Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85, certiorari denied, 1944,

quiring the exclusion of such testimony, if it is otherwise admissible.

■■ We think, however, that the admission of this testimony was error for a reason not called to our attention. And since it affected substantial rights of the appellant, we exercise our authority under Rule 52(b) to take note of it.[4] Such error stemmed from defense counsel's renewal of the motion to suppress during the trial.[5] In support of that motion, he was allowed over objection to elicit a mass of testimony before the jury on the issue of probable cause for appellant's arrest[6]—a matter solely for determination by the court.[7] It was in this context that the court on its own initiative elicited the testimony in question before the jury.[8]

■ It cannot now be said that the admission of much of this testimony constituted harmless error since it might have been admitted as expert testimony on the patterns of conduct characteristic of a numbers operation.[9] It was not introduced for that purpose and thus not so limited. In any event, some of the testimony, such as the following, would not be admissible before a jury under any circumstances:

"The Court [to Detective Molle of the vice squad]: Did the information you got from Krenitsky and Maurer [police officers who kept appellant under surveillance for a period of several days prior to the arrest] fit the pattern which you in your experience knew, if you did know, of numbers operations?

"The Witness: Yes, sir; it did, *it fitted right into my knowledge of how numbers men operated.*" [10]

and

"The Court [to arresting Officer Valentine]: Had either Krenitsky or Maurer told you prior to your going out there that day, what Simmons [appellant] had been doing each day they had him under surveillance?

"The Witness: Yes, sir.

"The Court: What did they tell you?

"The Witness: They told us that he was going to these different addresses—I don't know—I remember there was four or five different addresses that he would go to.

"The Court: The same places each day?

"The Witness: The same places each day * * *. And we knew, I mean within my own knowledge, *I knew that he [appellant] was participating in the operation of a lottery.*

322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589; Boyer v. United States, 1942, 76 U.S.App.D.C. 397, 132 F.2d 12.

4. Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." See Tatum v. United States, 1951, 88 U.S.App.D.C. 386, 388, 190 F.2d 612, 614; Robertson v. United States, 1948, 84 U.S.App.D.C. 185, 186, 171 F.2d 345, 346; and see Braswell v. United States, 5 Cir., 1952, 200 F.2d 597.

5. Record, p. 30; and see notes 1 and 2, and text, supra.

6. Record, pp. 30, 48, 59, 101, 102, 107–9; and see pp. 89, 90, 96.

7. Steele v. United States, No. 2, 1925, 267 U.S. 505, 45 S.Ct. 417, 69 L.Ed. 761. The issue of probable cause for an arrest may be a question for the jury in a *civil suit* for false arrest if, as is true of any other pertinent issue, the facts are in dispute. Maghan v. Jerome, 1937, 67 App.D.C. 9, 10, 88 F.2d 1001, 1002; and see Brown v. Selfridge, 1912, 224 U.S. 189, 193, 32 S.Ct. 444, 56 L.Ed. 727 (malicious prosecution). But clearly that proposition has no application in a criminal case where for example, as here, the issue of probable cause arises on a motion to suppress evidence which may be heard before trial. Newyahr v. United States, 1949, 85 U.S.App.D.C. 384, 385, 177 F.2d 658, 659, certiorari denied, 1950, 338 U.S. 936, 70 S.Ct. 350, 94 L.Ed. 577, is not to the contrary.

8. Record, pp. 36–8, 87–9, 102–6.

9. See Guy v. United States, 71 App.D.C. 89, 92, 107 F.2d 288, 291, certiorari denied, 1939, 308 U.S. 618, 60 S.Ct. 296, 84 L.Ed. 516; Wagstaff v. United States, 1952, 91 U.S.App.D.C. 146, 198 F.2d 955, certiorari denied 344 U.S. 920, 73 S.Ct. 387, (1953).

10. Record, p. 88 (emphasis supplied).

"The Court: You thought so?

"The Witness: I had reasonable grounds to believe that it was, without evidence." [11]

That testimony, particularly the italicized portions, prejudiced appellant by substantially affecting his right to trial by jury. Such opinion evidence trenched upon the jury's duty to determine the ultimate question raised by count one, *i. e.*, whether appellant was operating a numbers game in violation of 22 D.C.Code § 1501. It was for the jury, not for the witnesses, to measure evidence on appellant's conduct against evidence on the pattern of conduct characteristic of a numbers operator and upon that basis to determine guilt or innocence.[12]

This error was aggravated when the court instructed the jury that:

"* * * you must determine in this case as a matter of fact * * * whether or not these officers had a reasonable cause to believe that a felony or a misdemeanor was being committed in their presence * * *.[13]

\* \* \* \* \*

"That is the question of fact in this case, and the only one that I see, for you to decide. If you believe that they had reasonable cause to believe that there was a numbers operation being conducted over this period of time, under the observation of these officers, then they had a right to arrest, and if you believe that the material which was obtained as a result of the arrest came from the defendants—and, of course, that is not denied—then the case is made. If you have a reasonable doubt about it, the case is not made.[14]

\* \* \* \*

"* * * If the police officers had reasonable ground to believe that this was a numbers operation, they had a right to arrest, and if they found what they say they found, that establishes that count." [15]

This language furthered the erroneous notion that the issue of probable cause on the renewed motion to suppress was for the jury to decide. Moreover, it may well have created the impression on the minds of the jury that guilt was to be equated with the existence of probable cause for appellant's arrest. That too was error since it might have led the jury to mistake the quantum of evidence necessary to support an arrest for the much greater quantum necessary to support a verdict of guilty. Thus a final link was forged which prevents escape from the conclusion that the record as a whole discloses plain error which substantially affected the rights of appellant.

Accordingly the conviction on count one is reversed and remanded for a new trial.

The errors discussed above did not touch the ultimate question raised by count two, *i. e.*, whether appellant possessed numbers slips in violation of 22 D.C.Code § 1502. Therefore the conviction on that count is not disturbed. But since the judgment imposed a sentence greater than that permitted by 22 D.C.Code § 1502, we remand for sentence in accordance with the statute.

Reversed and remanded for proceedings in conformity with this opinion.

11. Id. at 104–5 (emphasis supplied).

12. Henkel v. Varner, 1943, 78 U.S.App. D.C. 197, 198, 138 F.2d 934, 935, and cases cited therein.

13. Record, p. 131.

14. Id. at 133–4.

15. Id. at 137.