CONSUELO A. FONSECA, Plaintiff and Appellee, *v.* EMETERIO OYOLA, Defendant and Appellant.

No. 11202. Argued May 3, 1954.—Decided November 30, 1954.

*Santiago Polanco Abreu* for appellant.    *Luis Mendín Sabat* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

The trial court sustained a complaint in an action for damages and granted $400.00 as compensation, plus costs and $100.00 for attorney's fees.   In support of its judgment it stated the following conclusions:

"This is an action for damages which plaintiff has entitled malicious prosecution.   Defendant appeared and denied the essential facts of the complaint.   After a pre-trial conference was held the case was tried.   The Court in view of the facts admitted at the pre-trial conference and the evidence introduced by the parties makes the following

### "FINDINGS OF FACT

"1. That plaintiff was a tenant of an apartment which is defendant's property and which is situated on Eduardo Georgetti St. in Comerío.

"2. That plaintiff was originally paying a monthly rental of $14.00.   Defendant acquired the house by purchase in July 1944 and in November of that year he raised the rental to $20.75.

"3. That because of that increase in the rent, plaintiff refused to pay, and complained to the Rent Administration and in December 1944, defendant filed an action of unlawful detainer against her, under Civil Case No. R. 90, in the former Municipal Court of Comerío, an action which he later abandoned.

"4. That likewise on December 26, 1945, defendant Oyola again filed a new complaint of unlawful detainer, Civil Case No. R. 101, against plaintiff herein before the former Municipal Court of Comerío. Oyola failed to appear and judgment was rendered for Mrs. Fonseca who was defendant in the unlawful detainer proceeding and plaintiff herein.

"5. Again on April 1, 1946, Oyola, defendant herein, filed an action of unlawful detainer against Mrs. Fonseca before the same court, Civil Case No. R. 103. In all these unlawful detainer proceedings defendant alleged that the rental was $20.75 while plaintiff herein alleged that the rental was $14.00.

"6. It has been further proved that plaintiff Mrs. Fonseca demanded the treble damages prescribed by law for excess in rentals collected, for which she obtained judgment.

"7. That by reason of this series of actions of unlawful detainer and of personal claims and threats made by defendant Oyola, plaintiff was finally obliged to close her business and vacate the house, although Oyola was never able to obtain judgment in the unlawful detainer proceedings.

"Pursuant to the foregoing findings of fact the Court arrives at the following

"CONCLUSIONS OF LAW

"1. The Court believes that due to the continuous and insistent attitude of defendant Oyola in filing actions of unlawful detainer against plaintiff herein, and subsequently abandoning them or defaulting, and to his continuous threats, the plaintiff was forced to give up the premises, which impaired her business and affected her health, since according to her testimony, which we believe, she became nervous, and endured such hardships and distress that she reduced from 140 lbs. to 90 lbs.

"2. Although it is true that the evidence introduced was not clear and sufficient to enable the court to determine the material injuries sustained by Mrs. Fonseca, however, the court believes that it can make pronouncements in regard to the moral and mental damages and sufferings which Mrs. Fonseca has endured and which the court assesses at $400."

On appeal defendant maintains: (1) that the evidence was not sufficient to sustain the complaint and (2) that the court erred in weighing the evidence.

■ We cannot agree with appellant on any of those counts. An examination of the evidence on record leads us to conclude that there is no basis to allege that the court erred in weighing the evidence, and it supports the conclusions reached by the trial judge. It reveals the presence of such requirements as must concur in order to entitle plaintiff to file a suit of this kind successfully, to wit: (1) that a civil action was instituted or a criminal prosecution filed by defendant or at his request; (2) that the prosecution ended favorably to the plaintiff; (3) that it was instituted maliciously and without probable cause; and (4) that plaintiff sustained damages thereby. *Parés* v. *Ruiz*, 19 P.R.R. 323, 327; *Benet* v. *Hernández*, 22 P.R.R. 461, 469; see also *Batistini* v. *District Court of Ponce*, 8 P.R.R. 562, 572; *Torres* v. *Marcano*, 68 P.R.R. 813; *Jiménez* v. *Sánchez*, 76 P.R.R. 347; *Roldán* v. *Pardo*, per curiam num. 10,954, decided on April 13, 1954. The requirements are substantially the same in actions for malicious prosecution of a civil suit, or of a criminal proceeding. *Stewart* v. *Sonneborn*, 98 U. S. 187, 23 L. ed. 116. See also 13 L.R.A., N. S. 549.

■■ Irrespective of whether the voluntary dismissal or abandonment of a civil action constitutes prima facie evidence of want of probable cause, placing the *onus probandi* upon the defendant to prove—which he failed to do herein—that there was probable cause for commencing the original action, *Kolka* v. *Jones*, 71 N.W. 558, here the evidence showed the malicious prosecution on defendant's part in commencing several actions of unlawful detainer without probable cause, *Brown* v. *Selfridge*, 224 U. S. 189, 56 L. ed. 727—see also annotation in 150 A.L.R. 908—persecuting defendant with his conduct and actions as well as with said suits, which he based on the alleged nonpayment of a rental in excess of that which is allowed by the federal statute. It was because of his unlawful collection that judgment was rendered against him for the treble damages provided by law.

The proof of damages for mental suffering is also sufficient. Mental anxiety and suffering flow naturally and directly from malicious prosecution and such damages are authorized by § 1803 of the Civil Code. *Quiñones v. Rosado*, 28 P.R.R. 454; *Torres v. Ramírez*, 22 P.R.R. 419.

Since the errors assigned are nonexistent, the judgment appealed from will be affirmed.

Mr. Justice Ortiz did not participate herein.