McGruder H. PRICE and Andrew J. Price, Appellants,

v.

UNITED STATES, Appellee.

No. 1696.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 5, 1955.

Decided Jan. 11, 1956.

Henry Lincoln Johnson, Jr., Washington, D. C., with whom Curtis P. Mitchell, Washington, D. C., was on the brief, for appellants.

E. Tillman Stirling, Asst. U. S. Atty., Washington, D. C., with whom Leo A. Rover, U. S. Atty., Lewis Carroll, David W. Kindleberger, and Richard J. Snider, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants were convicted by the court, sitting without a jury, for violation of a statute which prohibits the possession of tickets, certificates, etc., designed for the purpose of conducting a lottery.[1] They base this appeal on the contention that their arrest, which was made without a warrant, was illegal because made without probable cause and therefore the trial court erred in failing to suppress the evidence taken from them at the time of their arrest.

The arresting officer testified that about two months prior to the arrest he had had a conversation with appellant McGruder Price and was told by him that he was a numbers writer and that his "corner" was located at Ninth and P Streets, N. W.; that he had investigated McGruder Price's record and found that he had previously been arrested for a "numbers violation"; that he thereafter observed Price in that area about eight or ten times and on these occasions Price seemed to avoid him. On the day of the arrest, while cruising with his partner, he saw a man drive a taxicab over the sidewalk and park on public space adjoining a cleaning establishment located at the corner of Ninth and P Streets, N. W. The driver, later identified as appellant Andrew Price, got out of the cab and entered an areaway behind the cleaning establishment. The officer followed him for the purpose of telling him that his taxicab was illegally parked. As Andrew Price approached the back door of the cleaning establishment, the officer saw McGruder Price standing in the doorway and then noticed that Andrew Price was in possession of a folded manila envelope with a rubber band around it. He observed Andrew hand the envelope to McGruder and while both grasped the envelope, he seized it, looked inside it, observed the contents, and placed them under arrest. McGruder Price was then searched and additional money and some 200 numbers slips were found on his person; nothing was found on the person of Andrew Price. At the scene, Andrew Price denied knowing the contents of the envelope and McGruder Price again informed the officer that he was a "numbers writer" and that he was writing for a man named "Toots." Andrew Price, who testified at the trial, denied that he had ever had possession of the envelope, and said that the envelope in question was removed by the officer from a basket in the cleaning establishment. No testimony was offered by, or on behalf of, McGruder Price.

■ Appellants contend that the seizure of the manila envelope preceded their arrest and therefore was not incident to it. With this we cannot agree. The word "arrest" has a well-defined meaning, the essence of which is a restriction of the right of locomotion or a restraint of the person. In Long v. Ansell, 63 App.D.C. 68, 71, 69 F.2d 386, 389, 94 A.L.R. 1466, it was pointed out that:

> " * * * the term arrest may be applied to any case where a person is taken into custody or restrained of his full liberty, or where the detention of a person in custody is continued for even a short period of time."[2]

■ ■ We doubt that appellants had liberty to take leave of the officer's presence once he seized the envelope. Therefore, we conclude that the seizure of the envelope was a proper incident to their arrest.

■ We next turn to the question of whether probable cause existed for the arrest. The statute makes it a crime to possess lottery tickets and Code Section 23–306 (a, b), Supplement III, accords the police the power to arrest and make seizures from the person without a warrant "upon probable cause that the person arrested is violating the section at the time of the arrest." The rules governing arrest without a war-

1. Code 1951, Supp. III, § 22–1502.

2. Cited with approval in Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28.

rant have been stated by the Supreme Court in Brinegar v. United States,[3] and later restated in Mills v. United States.[4] In the latter case, the court said:

> " * * * The test is whether there was probable cause for the arrest. Were the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed? * * *"

It has also been stated that "probable cause" necessarily varies with the circumstances since it is measured by the judgment of a "man of reasonable caution." [5] Although no single circumstance in the instant case would, of itself, be sufficient, we think that when all the circumstances leading up to the arrest are taken into consideration, they evidence probable cause to justify it. The arresting officer testified that McGruder Price had informed him of the illegal nature of his business approximately two months prior to the arrest. The officer checked McGruder Price's police record and determined that he had been arrested previously for a numbers violation. We are aware that this testimony would not be probative in establishing guilt; however, it is not prohibited as an element tending to establish probable cause.[6] Coupled with this, we note the peculiar conduct of McGruder Price when the officer saw him in the neighborhood of his "corner". The officer testified that McGruder Price seemed to avoid him on these occasions. That the facts just related are insufficient to establish probable cause is certain; however, when the events which occurred on the day of the arrest are considered in conjunction with them, we think the arrest was justified. When the officer saw Andrew Price illegally park his taxicab, he was duty bound to inform him of that fact and for that matter, could have taken him into custody for such violation. While in the act of performing this duty, he saw Andrew Price in possession of a folded manila envelope with a rubber band around it, in the process of delivering it to a self-confessed numbers writer. Drawing on his experience that numbers collections tend to be bulky and are carried in paper parcels of varied descriptions, and remembering that McGruder Price had told him he was a numbers writer, the officer had reason to infer that numbers slips were concealed in the folded envelope.[7] It is significant, too, that the transfer of the envelope took place in the early afternoon since this corresponds to the time when numbers are customarily picked up.[8] We hold, therefore, that the officer had reasonable grounds for making the arrest.

Affirmed.

3. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

4. Mills v. United States, 90 U.S.App.D.C. 365, 366, 196 F.2d 600, 601.

5. Coune v. United States, 72 App.D.C. 86, 113 F.2d 145.

6. Ellison v. United States, 93 U.S.App. D.C. 1, 206 F.2d 476; Janney v. United States, 4 Cir., 206 F.2d 601; Brinegar v. United States, supra.

7. Cf. United States v. Bell, D.C.D.C., 126 F.Supp. 612, and cases cited therein; see also Newyahr v. United States, 85 U.S.App.D.C. 384, 177 F.2d 658.

8. United States v. Bell, supra.