**Philip Y. CRAIG, Appellant,**

v.

**John T. COX and Alvin C. Doak, Appellees.**

**Philip Y. CRAIG, Appellant,**

v.

**Alvin C. DOAK, Appellee.**

Nos. 2688, 2689.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 30, 1961.

Decided June 2, 1961.
Rehearing Denied June 27, 1961.

Penrose Lucas Albright, Washington, D. C., with whom Mason, Mason & Albright, Washington, D. C., was on the brief, for appellant.

Nathan J. Paulson, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

These two actions, one for false arrest and the other for assault and battery, grew out of a parking incident at Washington National Airport located in Virginia across the Potomac River from Washington.[1]

1. See Act to authorize the construction, protection, operation, and maintenance of a public airport in or in the vicinity of the District of Columbia (September 7, 1950, 64 Stat. 770, ch. 905). This Act is found in D.C.Code 1951, § 7–1401 et seq.

On a Sunday afternoon appellant, an employee of the Maritime Administration, drove with some friends to the airport where they were to meet another friend · who was expected to arrive that afternoon. He parked his automobile in a metered parking space in the traffic circle in front of the main terminal building. When he returned alone to the car he found a "parking ticket" on it, charging improper parking in that the car was occupying part of another marked parking space. The ticket ordered appellant to appear before the United States Commissioner at Alexandria, Virginia, on a named date. Appellant entered his car and drove it out of the circle to where one Olivier, an officer of the airport police, was directing traffic in front of the terminal entrance. Appellant explained to Olivier that his car had been properly parked but apparently had been pushed out of place by another car. Olivier replied that he could do nothing about it and appellant would have to explain it to the United States Commissioner. When appellant said he could not appear on the date fixed by the ticket, Olivier indicated that date could be changed to a more convenient time and asked appellant to park his car and then go with him to the airport police station to have the date changed. After parking his car and informing his friends where he was going, appellant returned to Olivier and went with him to the airport police station.

The foregoing is largely uncontradicted, but the occurrence at the police station is the subject of sharp dispute. In view of the favorable verdicts for appellant, we must accept his version. At the station Olivier gave the parking ticket to Cox, the officer in charge, and after a short conversation with him left the station. Cox then informed appellant that he would have to post collateral of $3. Appellant protested and showed Cox certain identification cards, one of them showing him to be a Commander in the United States

Naval Reserve. Cox replied that he either had to post the collateral or be taken into custody. Appellant again protested and Cox then demanded and received appellant's license, wallet, watch, ring, belt and contents of his pockets, and ordered appellant to follow officer Doak through a nearby doorway. When appellant repeated a request for a receipt for his personal belongings and sought permission to call a lawyer, Doak struck at him with a blackjack and he was pummeled, pushed and struck by Doak and other officers and forced into a cell. He remained locked in the cell for about thirty minutes and he was then allowed to use the telephone. One of his friends he had left at the terminal then came upon the scene and upon learning what had occurred offered to put up the $3 collateral. Cox said that appellant had ample funds and should himself post the collateral. Appellant then paid the $3 and was released.[2]

In the present actions appellant sued Cox and Doak for false arrest and sued Doak for assault and battery. The cases were consolidated for trial, and in the false arrest case the jury found for appellant against Cox for $1,000 and against Doak for $500, and in the assault and battery case the jury found for appellant against Doak for $1,000.

In the false arrest case the trial court granted judgment n. o. v. for the defendants, ruling that the arrest was lawful. In the assault and battery case the court ordered a new trial because of its ruling in the other case that the arrest was legal. This appeal contends that the trial court was in error in each instance.

The legality of the arrest depends upon the answers to three questions: When was appellant arrested, by whom was he arrested, and for what cause was he arrested? Officer Olivier testified that he considered appellant to have been under arrest when he was told to accompany him to the station

2. At the subsequent hearing before the Commissioner the charge against appellant was dismissed.

to obtain a change in the date of hearing, but the record does not show that an arrest was then made. Olivier did not testify that he placed appellant under arrest or that he told appellant he was under arrest. Certainly appellant did not consider himself then under arrest. He had received a ticket or summons to appear before the Commissioner on a named date. After his protest to Olivier and Olivier's response that he could do nothing about it and appellant would have to explain it to the Commissioner, it seems beyond contradiction that appellant was entirely free to have departed from the airport in the same manner that he could have departed without even approaching Olivier in the first place. However, appellant then brought up the question of obtaining a more convenient date for his appearance before the Commissioner and the record clearly establishes that the sole purpose of Olivier and appellant in going to the station was to attempt to effect a change in the hearing date. Our conclusion is that the evidence shows that no arrest was made until after appellant reached the station.

Our next question is who made the arrest at the station. Officer Olivier did not make it because according to his own testimony he, on arriving at the station, merely informed officer Cox that appellant desired a change in the date for his appearance, and he then left and returned to his post. It was after Olivier had departed that Cox asked appellant for the collateral of $3, and when appellant objected it was Cox who told him that he would have to post the collateral or be detained. When appellant persisted in his refusal, Cox ordered appellant to follow Officer Doak and it was Doak and the other officers who forced appellant into the cell. It thus appears clear that Cox was the arresting officer. The arrest occurred when Cox in effect told appellant he could not leave the station until he had posted collateral. And it is evident that Cox considered appellant under arrest when he demanded and received the contents of appellant's pockets and other personal belongings, for this is the procedure provided by the rules of the Airport Police Department before a prisoner is placed in confinement. Officer Doak was merely maintaining an arrest already made by his superior officer.

This brings us to the question of the cause for the arrest. Appellant was not arrested for the parking violation or at least he was not legally arrested for that cause. Neither Cox nor Doak had seen the violation. The statute (D.C.Code 1951, § 7–1408) authorizes an airport officer to arrest under a warrant "any person accused of having committed within the boundaries of the airport any offense against the laws of the United States, or against any rule or regulation prescribed pursuant to this Act"; to arrest without warrant "any person committing any such offense within the limits of the airport, in his presence"; and to arrest without warrant "any person whom he has reasonable grounds to believe has committed a felony within the limits of the airport." [3] A parking violation is certainly not a felony and there was no warrant for appellant's arrest, so that he could have been arrested legally only by an officer in whose presence the offense was committed.

The only reasonable conclusion from the testimony of both appellant and Cox is that appellant was arrested for refusing to

---

3. The statute above quoted appears to be in accord with both Virginia and District of Columbia law. "It is firmly settled that a peace officer may legally arrest, without a warrant, for a misdemeanor committed in his presence, but that a warrant is necessary where the offense is not committed in his presence." Montgomery Ward & Co. v. Wickline, 188 Va. 485, 50 S.E.2d 387, 389. "* * * in this jurisdiction, as at common law, the rule is settled that an officer may not arrest for a misdemeanor without a warrant unless it is committed in his presence or within his view." Maghan v. Jerome, 67 App.D.C. 9, 10, 88 F.2d 1001, 1002.

post collateral. Cox testified that he told appellant "he would either have to post the collateral or be detained until the United States Commissioner could be called." Cox undoubtedly had the right to "accept" collateral (D.C.Code 1951, § 7–1408), but did he have the right to demand deposit of collateral and to arrest if his demand was refused?

■ The question narrows itself to this. May an officer, authorized to accept collateral, demand collateral of one who has received a summons from another officer to appear at a time and place before a court or commissioner to answer a charge of a parking violation, and, when his demand is refused, arrest that person without a warrant? We have found no authority justifying such an arrest.

The purpose of a bail bond or a deposit of money as collateral is to release an accused from custody pending trial and assure his appearance when required. When appellant went to the station he had no occasion to seek bail for his release because he was not then under restraint; and likewise there was no occasion for Cox to demand bail as a condition for his release. In substance Cox told appellant to deposit collateral or be arrested. The arrest which followed was either for the parking violation, and we have already pointed out that Cox could not validly arrest for that cause, or it was for failure to post collateral, and, as we have said, we find no authority for that. Bail follows arrest; it is not given to avoid an arrest.[4] We rule that appellant's arrest was unjustified and unlawful.

■ Appellees devote the major portion of their brief to the claim that, even though the arrest was unlawful, they are immune from a civil liability therefor. They argue that as airport police officers they are entitled to the same immunity afforded federal officers of many ranks. It undoubtedly is true that the immunity doctrine has been extended by the courts in recent years from the highest ranks to many of the lessor ranks,[5] but we are not inclined to hold that its coverage extends to police officers of Washington National Airport. To do so, in our opinion, would be carrying the doctrine too far.

■ This brings us to the assault and battery case in which a new trial was ordered. Generally the grant of a new trial is not appealable because it is not a final order; but these two cases were tried together, brought here in a single record, and basically present a single issue, and we feel both should be decided now. The trial court granted the motion for new trial in the assault and battery case because in granting judgment n. o. v. in the false arrest case it ruled that the arrest was lawful. The court took the position that the jury should have been instructed that the arrest was lawful and that an assault and battery occurred only if excessive or unreasonable force was used. We have ruled that the arrest was unlawful; but we have also ruled Cox alone was the arresting officer and that Doak was merely maintaining the arrest already made by his superior officer. We therefore hold that a new trial was properly ordered in the assault and battery case, and that on the new trial the issue should be limited to whether Doak used excessive or unreasonable force in maintaining the arrest.

In No. 2688 the judgment n. o. v. in favor of appellee Cox is reversed with instructions to reinstate the verdict against

---

4. There is the modern practice of posting collateral for traffic violations in order to prevent the issuance of a warrant of arrest; but even when the ticket requires that collateral be posted the violator generally is not required to comply immediately but is given a specified time in which to do so.

5. E. g., Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414; Swanson v. Willis, D.C., 114 F.Supp. 434, affirmed 9 Cir., 220 F.2d 440; Hartline v. Clary, D.C.S.C., 141 F.Supp. 151.

him and enter judgment thereon; and the judgment n. o. v. in favor of appellee Doak is affirmed.

In No. 2689 the order granting a new trial is affirmed.

QUINN, Associate Judge (dissenting).

In reviewing the record, I find that appellant, the holder of a rather responsible position with the government, on this particular Sunday afternoon upon arrival at the Washington National Airport went looking for trouble, found it, and, if the majority opinion is sustained, will now receive at least $1,000 for his efforts. Having received a traffic ticket, appellant went to the airport police station to have the date changed for his appearance before the United States Commissioner. His car bore New Jersey license plates and he carried a driver's permit issued by the State of New York. He had in his possession $23. After the appearance date had been changed to meet his convenience, he was asked by the acting sergeant to post a collateral of three dollars and told that if the amount was not posted, he would have to be detained until the United States Commissioner could be reached. In a deposition filed with the record in this court there was testimony that officer Doak explained to appellant that this procedure was "set up by the government," and that the collateral posted would be returned to him upon his appearance before the United States Commissioner. Appellant refused. According to the agreed statement of proceedings and evidence, he told the sergeant, "Go ahead and lock me up. I don't think you have the authority." He was detained for thirty minutes and released upon the posting of the collateral. Appellant subsequently sued appellees in the United States District Court for the District of Columbia for $50,000 and the case was certified to the Municipal Court. I believe the trial judge was correct in granting judgment n. o. v. on the false arrest case on the ground of immunity. I disagree with the majority that applying this doctrine to this case would be carrying it too far, in view of the uncontradicted testimony that the procedure was set up by the government, and thus the sergeant was performing an act within the scope of his authority.

What we are asking the officers to decide is the right to arrest without a warrant, a question that this court, and even the Supreme Court of the United States, differs on from time to time. We are rapidly reaching the point where a law enforcement official will be afraid to carry out his authority for fear that he might have to answer in a civil suit for damages. This is a sorry state of affairs and I for one will not subscribe to it. I believe that enough road blocks have already been erected in their path without adding to them.