**Robert E. GREEN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20039.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1967.

Decided June 30, 1967.

Petition for Rehearing En Banc
Denied Sept. 26, 1967.

Mr. Dennis G. Lyons, Washington, D. C., (appointed by this court) for appellant.

Mr. Charles A. Mays, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from a conviction on three counts charging violations of federal narcotics laws. 26 U.S.C. §§ 4704(a), 4705(a) (1964); 21 U.S.C. § 174 (1964). The sentence imposed under § 4704(a)

was to run concurrently with sentence on the other counts.[1]

Appellant urges error (1) in advising the jury that narcotics addiction, standing alone, is not a mental disease or defect; (2) in refusing to give a requested instruction on Appellant's theory of the procuring agent doctrine;(3) in refusing to give a lesser-included offense instruction based on D.C.Code § 33–402 (1961), which prohibits possession of heroin; and (4) in permitting the Government's expert chemist to give certain testimony pertaining to the origin of the narcotics.

(1) The District Court ruled that Appellant had presented sufficient evidence to raise the issue of criminal responsibility under McDonald v. United States.[2] At the conclusion of his instruction, however, the District Judge noted that it was conceded that the accused was an addict, and further instructed, in terms substantially as stated by this court in Heard v. United States, 121 U.S.App.D.C. 37, 348 F.2d 43 (1964):

> *However, narcotic addiction, standing alone, with nothing more, is not a mental disease or defect, and both of the doctors, Dr. Feys for the defendant, and Dr. Hall for the Government, both testified that this was true.*

They both testified, also, that narcotic addiction along with other elements which they described, could be a mental disease, or a mental defect, and Dr. Feys said that there were sufficient other elements over and above the narcotic addiction to conclude, medically, that the defendant suffered from a mental defect.

On the other hand, Dr. Hall said that there were not enough, or sufficiently intense additional factors over and above the narcotics addiction, standing alone, to conclude, medically, that the defendant did suffer from a mental disease or defect, but, to the contrary, that he did not. (Emphasis added).

Defense counsel conceded that both doctors testified that narcotic addiction in and of itself was not a mental disease or defect. At the conclusion of the charge, defense counsel expressed some reservations with the portion of the instruction characterizing that testimony, but made no request for a supplemental charge. On appeal, Appellant challenges only the above italicized portion of the instruction. Treating defense counsel's position as preserving the issue for review, Appellant's claim in essence is, that the statement to the effect that narcotic addiction, standing alone, was not a mental disease or defect, as applied to the evidence in this case, improperly removed this issue from the jury and required them to look to something apart from the addiction in order to find a mental disease or defect.

As we noted, the challenged portion of the District Judge's instruction was taken almost verbatim from *Heard*. There we held "that a mere showing of narcotics addiction, without more, does not constitute 'some evidence' of mental disease or 'insanity' so as to raise the issue of criminal responsibility." *Id.* at 38, 348 F.2d at 44. *See also* Castle v. United States, 120 U.S.App.D.C. 398, 401, 347 F.2d 492, 495 (concurring opinion), cert. denied, 381 U.S. 929, 953, 85 S.Ct. 1568, 14 L.Ed.2d 687 (1965). The issue of criminal responsibility here, of course, had already been raised and the challenged portion did no more than instruct the jury in accordance with *Heard;* viewing the instructions on criminal responsibility as a whole, and the expert testimony presented, we find no error.

Appellant's entire defense rested on the testimony of an expert psychiatric witness. He testified that Appellant was a "mental cripple," suffering from a personality disorder. He further testified that Appellant's mental condition compelled him to always feel the need to be in a state of bliss, creating a compulsive need to take narcotics if he were feeling

---

1. This is Appellant's second conviction under the narcotics statutes.

2. 114 U.S.App.D.C. 120, 312 F.2d 847 (1962) (per curiam) (*en banc*).

"bad." He described the relationship between the mental illness about which he had already testified and the Appellant's addiction as follows:

> [W]hen there is this pressing, massive, inner-need to avoid a state of inner-disintegration, inner-disruption, the need for bliss, for a sense of well-being, which in individuals who have too much in them, and in which circumstances have been propitious, may get them to experience how, if they take drugs, they will feel good.

He concluded with an opinion that the offense was the product [3] of the mental illness he described, and noted a direct causal connection between the illness and the offense, the illness and the addiction, and the addiction and the offense.

On cross-examination he stated that he did not believe that all addicts are mentally ill; rather that it was a matter of degree in each individual case. Furthermore, although stating that it was his opinion that Appellant was unable to resist the wrong with respect to narcotics offenses, the psychiatrist said that Appellant probably would not have engaged in the offenses if he had known he was dealing with an undercover narcotics officer.

The government produced a staff psychiatrist at D. C. General Hospital who had examined Appellant. His direct testimony was to the effect that Appellant was not suffering from a mental disease or defect at the time of the events charged, and that drug addiction in itself was not symptomatic of mental illness, although it *could* be when "clustered" with other symptoms.

On cross-examination he admitted that Appellant had a long history of addiction and was actively addicted at the time of the offense. However, although conceding that the addiction was a causative factor in the offenses charged, he denied that the addictive process affected the addict's behavior controls. He concluded by noting that while some forty percent of the addicts he had examined had shown some evidence of mental illness *in addition* to addiction. Appellant did not suffer from any personality disorder.

■ There may well be some cases where prolonged and extensive use of narcotics has substantially impaired the capacity to control behavior, and a "mental disease" within our *McDonald* standards may result. Hutcherson v. United States, 120 U.S.App.D.C. 274, 280, 345 F.2d 964, 970 (concurring opinion). But here the evidence was not such as to require this finding. Undisputed, such evidence might compel a verdict of not guilty by reason of insanity. But that is not the state of the record; on the contrary the evidence was such that a verdict either way on the criminal responsibility issue was permissible. The jury verdict resolved the issue and hence Appellant's contention must fail.

■ What *Heard* teaches is that *addiction alone* does not constitute "some evidence" of mental disease or defect. But there we also said this "is not to say that evidence that an accused is an addict is without probative value *along with* other evidence on the issue of responsibility * * *," *supra* 121 U.S. App.D.C. at 38, 348 F.2d at 44 (emphasis added). And the District Judge's instruction here precisely followed that admonition by instructing the jury that they could consider the addiction, *along with* other elements described by the expert psychiatrists, as a mental disease or defect. We therefore find no error in the instruction on criminal responsibility.

(2) Appellant's second claim relates to the denial of trial counsel's request that a "procuring agent" instruction be given with respect to the count charging

---

3. We should note that United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617 (1935) proscribes expert testimony in these conclusory terms, but no objection was made. *Cf.* Blocker v. United States, 110 U.S.App.D.C. 41, 45, 288 F.2d 853, 857 (concurring opinion) at pages 863–864, challenging indiscriminate use of expert conclusions in the same terms as the ultimate jury issue. *See also* Simmons v. United States, 92 U.S.App.D.C. 122, 206 F.2d 427 (1953).

a violation of 26 U.S.C. § 4705(a). He also urges that it was error to refuse to give this instruction not only as to that count but as to the counts charging violations of 26 U.S.C. § 4704(a) and 21 U.S.C. § 174, although it was not requested at trial.

We have held that "[t]he purchasing agent instruction is required when requested on a § 4705(a) *selling* charge * * * when the evidence would warrant it." Lewis v. United States, 119 U.S.App.D.C. 145, 148, 337 F.2d 541, 544 (1964) (emphasis in original), cert. denied, 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440 (1965). See also Kelley v. United States, 107 U.S.App.D.C. 122, 275 F.2d 10 (1960) (*per curiam*). The same is true of an indictment under § 4704(a) *if* (1) it charges selling as well as purchasing and (2) the evidence of procuring is present. Lewis, *supra* 119 U.S.App.D.C. at 149, 337 F.2d at 545. However, the instruction is not required as to a § 174 count for reasons we fully discussed in *Lewis,* id. at 148–149, 337 F.2d at 544–545.

The evidence here is, at best, indecisive on the issue whether Appellant was the "agent" of the undercover officer. The officer testified that he was approached by Appellant who asked what the officer was doing. The officer replied that he was looking for some "stuff." The Appellant than volunteered to get some drugs for the officer if the officer would "do something for him," *i.e.,* reward him. The officer gave him funds to purchase five capsules which Appellant did, keeping one for his services.

■ Whether or not this evidence entitled Appellant to a "procuring agent instruction" on a § 4705(a) or § 4704(a) count we need not decide. Assuming *arguendo,* that the instruction should have been given as to these counts, *Lewis* clearly established that it need not be given as to the § 174 facilitation count. Since Appellant received concurrent sentences on all three counts, any possible error in failing to give the procuring

agent instruction as to the first two counts need not be considered. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); *see also* Lewis, *supra* at 149, 337 F.2d at 545.

■ (3) Appellant's third claim is that the District Judge erred in refusing to give a lesser-included offense instruction.[4] This contention was recently rejected by this court, Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966), and we find no error.

■ (4) Appellant's fourth claim relates to the testimony of the government's expert chemist with respect to the origin of the narcotics. The chemist had testified on direct examination as to the chemical analysis of the capsule contents. On cross-examination, defense counsel elicited the fact that heroin is actually a morphine derivative, and that morphine can be legally imported into the United States. In response to an inquiry whether heroin could be manufactured from morphine, the witness testified that it was a "tricky," but not difficult, process. On redirect, the witness was permitted to testify, over objection, that in his opinion the narcotics involved were produced outside the United States. Defense counsel had objected on the basis that the question was beyond the qualifications of the witness, but the District Judge permitted the question because defense counsel had opened up this line of questioning on cross-examination.

We find no error. Defense counsel's initial voyage into the area of the drug's source permitted full exploration by the government. Even without such testimony, the statute permits the jury to act on the presumption of importation from the mere fact of possession itself. 21 U.S.C. § 174 (1964).

Affirmed.

J. SKELLY WRIGHT, Circuit Judge (concurring):

As the court's opinion indicates, the result here is required by our opin-

---

4. The lesser-included offense referred to was a violation of D.C.Code § 33–402 (1961).

ions in Heard v. United States, 121 U.S.App.D.C. 37, 348 F.2d 43 (1964), and Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541 (1964), *cert. denied,* 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440 (1965), in both of which I dissented.