**UNITED STATES of America, Appellee,**

v.

**Joseph McGOUGH, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Joseph Earl HUBER, Jr., Appellant.**

**Nos. 13069, 13070.**

United States Court of Appeals
Fourth Circuit.

Argued May 5, 1969.

Decided May 8, 1969.

T. Brooke Howard, Alexandria, Va., for appellant, Joseph McGough.

Joseph S. Gullo, Arlington, Va., (Court-appointed counsel) for appellant Joseph Earl Huber, Jr.

Alfred D. Swersky, Asst. U. S. Atty., (C. V. Spratley, Jr., U. S. Atty., on the brief), for appellee.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Our examination of the record satisfies us that there was sufficient evidence from which the jury might have concluded beyond a reasonable doubt that both defendants were guilty of assaulting a federal officer in performance of his duties, in violation of 18 U.S.C.A. §§ 111, 1114 and 2, and that no reversible error occurred in the submission of the case to the jury. We conclude that the defense of entrapment was not applicable, factually or legally.

It is not necessary for us to pass upon two subsidiary questions on their merits: Defendant McGough asserted insanity as a defense arising out of the use of drugs. Even if it is assumed that drug dependence may be of such severity as to amount to a mental disease or defect, *cf.*, Heard v. United States, 121 U.S.App.D.C. 37, 348 F.2d 43 (1964); Green v. United States, 127 U.S.App.D.C. 272, 383 F.2d 199 (1967); Bailey v. United States, 386 F.2d 1 (5 Cir.1967), the district judge in his submission to the jury permitted the jury

so to conclude, charging in substance in conformity with United States v. Chandler, 393 F.2d 920 (4 Cir.1968); but notwithstanding, on a sufficient factual basis, the jury concluded the defendant was not insane. The participation of the district judge in the interrogation of expert witnesses did not exceed proper bounds; it was manifestly designed to elicit the factual basis for medical conclusions. While knowledge that the person assaulted is a federal officer is not an essential element of the crime with which the defendants were charged, United States v. Wallace, 368 F.2d 537 (4 Cir.1966), cert. den., 386 U.S. 976, 87 S.Ct. 1169, 18 L.Ed.2d 136 (1967), the indictment charged such knowledge, there was proof of knowledge on their part, and the district judge instructed the jury as to the necessity of proof of this element before any determination of guilt. Any error committed in this regard was beneficial to defendants and not prejudicial.

Affirmed.